[No. B146581. Second Dist., Div. Three. Apr. 4, 2002.]

TRACY J. SILVER et al., Plaintiffs and Respondents, v.
BOATWRIGHT HOME INSPECTION, INC., Defendant and Appellant.

**COUNSEL**

Blatz, Pyfrom & Associates, Gregory C. Pyfrom and Sherie A. Taylor for Defendant and Appellant.

Silver & Freedman and Barry M. Appell for Plaintiffs and Respondents.

**OPINION**

**CROSKEY, Acting P. J.**—Defendant Boatwright Home Inspection, Inc. (Boatwright) appeals from an order that denied the motion for attorney's

fees it filed after a pretrial judgment of voluntary dismissal was entered in its favor. Boatwright contends it is the prevailing party as between itself and the plaintiffs who filed the dismissal, and therefore the trial court abused its discretion when it denied Boatwright such fees. The plaintiffs, Tracy J. Silver and Maria Rodriguez (plaintiffs), assert that the various factors considered by the trial court when it ruled on Boatwright's motion led the court to properly decide that Boatwright should not recover its attorney's fees.

We have examined the procedural posture of this case and the applicable law, and we find that the trial court did not abuse its discretion when it denied Boatwright's motion for fees. Plaintiffs obtained their litigation objective, recovery of damages, through settlements with defendants other than Boatwright. We hold that under *Santisas v. Goodin* (1998) 17 Cal.4th 599 [71 Cal.Rptr.2d 830, 951 P.2d 399], this recovery of damages, even though it was not from Boatwright, will support the trial court's determination that Boatwright was not the prevailing party for purposes of recovering attorney's fees it incurred in defending the noncontract causes of action plaintiffs alleged against it. Therefore, the order denying Boatwright such fees will be affirmed.[1]

## BACKGROUND OF THE CASE

### 1. *The Events Prompting This Action*

This case has its beginnings in plaintiffs' purchase of residential property in Los Angeles County (the property). Plaintiffs and Boatwright entered into an agreement for Boatwright to conduct an inspection of the main house and the guesthouse on the property, and to provide plaintiffs with a written report on the inspection.

Named as defendants in this suit were Boatwright, the sellers of the property, the sellers' broker and his employer (together sellers' broker), and an exterminator hired by one or more of the other defendants to inspect the property. According to the operative complaint, defendants failed to live up to the duties of inspection, reporting, and disclosure they owed to plaintiffs. The consequence of this failure was that after plaintiffs purchased the property, they discovered that the main house and the guesthouse have extensive water and termite damage, which necessitates extensive repairs to the structures, and which makes the property worth far less than what plaintiffs paid for it.

---

[1]Plaintiffs rely heavily on *Sears v. Baccaglio* (1998) 60 Cal.App.4th 1136 [70 Cal.Rptr.2d 769] to support the trial court's denial of attorney's fees to Boatwright. However *Sears*, which was decided prior to *Santisas v. Goodin, supra,* 17 Cal.4th 599, is not a voluntary pretrial dismissal case.

The causes of action against Boatwright and various of the other defendants were for negligence, breach of contract, fraud and deceit, constructive fraud, and breach of fiduciary duty. Additionally, plaintiffs alleged Boatwright engaged in a civil conspiracy with the other defendants to conceal from plaintiffs the extent of the pest and water damage to the houses and the extent of the needed repairs.

## 2. *The Subject Contract*

The contract between plaintiffs and Boatwright contains an attorney's fees clause. The clause states: "The prevailing party in any dispute arising out of this agreement, the inspection, or report(s) shall be awarded all reasonable attorney's fees, arbitration fees and other costs."

The contract also contains a special statute of limitations provision that states: "No legal action or proceeding of any kind, including those sounding in tort or contract, can be commenced against [Boatwright] or its officers, agents or employees more than one year after the date of the subject inspection. This time period is shorter than otherwise provided by law." Boatwright's inspection of the property was made on May 22, 1998. This suit was filed on June 7, 1999.

## 3. *The Dismissal of Boatwright from the Suit*

Based on the timing of Boatwright's inspection of the property and the commencement of this suit, and on the contractual provision for a shortened statute of limitations, Boatwright filed a motion for summary judgment, contending the suit is time-barred against Boatwright and therefore Boatwright was entitled to a judgment in its favor. However, prior to the date on which the motion was set to be heard, plaintiffs filed a request for dismissal of Boatwright from the lawsuit. A dismissal was entered by the clerk and thereafter, the court signed and filed a judgment of dismissal that awards Boatwright its costs of suit.

## 4. *Boatwright's Prevailing Party Claim*

Boatwright filed a memorandum of costs which included $24,300 in attorney's fees and a motion for attorney's fees as costs. Citing Civil Code section 1717 and Code of Civil Procedure section 1033.5, Boatwright contended it was entitled to attorney's fees because plaintiffs dismissed their suit against it.

Plaintiffs filed a motion to strike or tax costs and to be declared the prevailing parties in the suit. The declaration of plaintiffs' attorney that was

filed in support of their motion states that plaintiffs settled with the sellers of the property for $20,000, the termite inspection company for $20,000, and certain cross-defendants (plaintiffs' realtor and broker) for $3,500. Additionally, settlement negotiations with sellers' broker were pending. According to plaintiffs' moving papers, their damages total approximately $70,000. Plaintiffs asserted that it was because of these settlements and pending settlement that they dismissed Boatwright from the suit since pursuing Boatwright any further would have been a waste of resources. Prior to the hearing on the parties' respective motions, plaintiffs filed notice that they settled with sellers' broker for $25,000.

The trial court denied Boatwright's motion for fees and ruled that plaintiffs' motion was therefore moot. Citing *International Industries, Inc. v. Olen* (1978) 21 Cal.3d 218 [145 Cal.Rptr. 691, 577 P.2d 1031], the court stated that equitable principles govern awards of attorney's fees made pursuant to contract, and when plaintiffs' case is viewed as a whole, plaintiffs are the prevailing parties because they have recovered, or are in the process of recovering, significant relief. On the other hand, said the court, if only plaintiffs' case against Boatwright is considered, Boatwright is the prevailing party because it was dismissed from the suit. The court observed that if it awarded Boatwright the fees it requested, "it would virtually eliminate the relief procured by plaintiffs from any other parties. This result is inequitable. The court also believes that public policy considerations favoring voluntary dismissal of before trial [*sic*] to avoid maintaining pointless litigation takes priority over the recovery of attorney fees."

## Issues on Appeal

Plaintiffs and Boatwright raise the following appellate issues. What is the appropriate standard of review for this court to apply? Did the trial court improperly deny Boatwright's claim for prevailing party status and attorney's fees? If such claim was improperly denied, what amount of fees is Boatwright entitled to recover?

Because we find no cause to reverse the order denying Boatwright attorney's fees, the latter issue need not be addressed.

## Discussion

### 1. *Standards of Review*

The correct application, to this case, of statutory and case authority respecting awards of attorney's fees presents a question of law, which we

address de novo. (*Akins v. Enterprise Rent-A-Car Co.* (2000) 79 Cal.App.4th 1127, 1132-1133 [94 Cal.Rptr.2d 448].) Additionally, as we discuss below, the trial court's determination that Boatwright should not be declared a prevailing party was an exercise of the court's discretion. Discretionary decisions are subject to an abuse of discretion standard of review, and will not be reversed on appeal unless it appears that the court abused its discretion and a miscarriage of justice has resulted. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193].) " 'Discretion is abused whenever, in its exercise, the court exceeds the bounds of reason, all of the circumstances before it being considered. The burden is on the party complaining to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power.' " (*Ibid.*)

### 2. *Boatwright's Claim for Prevailing Party Status and Attorney's Fees*

■ A contractual provision for attorney's fees may be broad enough to address both contract claims (i.e., as causes of action to enforce the terms of the contract) and noncontract claims (such as tort claims). Thus, parties to a contract may agree that in the event of litigation between themselves, the prevailing party will be awarded attorney's fees whether the litigation concerns contract or noncontract claims, or both. (*Santisas v. Goodin, supra,* 17 Cal.4th 599, 608 (*Santisas*).) The attorney's fees provision in the contract between plaintiffs and Boatwright is such a provision, addressing as it does, the award of attorney's fees to "[t]he prevailing party in any dispute arising out of this agreement, the inspection, or report(s)."

In *Santisas*, a suit was brought by buyers of a home against the sellers and others. The buyers asserted both contract and tort causes of action based on alleged defects in the home. The purchase agreement contained a broadly worded attorney's fees clause and the buyers' complaint alleged a right to recover such fees.[2] When the buyers voluntarily dismissed the suit prior to trial, certain defendants (whom the court referred to as the "seller defendants"), moved to recover their attorney's fees as costs, claiming they were the prevailing parties.

The *Santisas* court took up the question whether the voluntary dismissal of the suit before trial precluded the seller defendants from receiving attorney's

---

[2]The attorney's fees clause in the *Santisas* case stated: " 'In the event legal action is instituted by the Broker(s), or any party to this agreement, or arising out of the execution of this agreement or the sale, or to collect commissions, the prevailing party shall be entitled to receive from the other party a reasonable attorney fee to be determined by the court in which such action is brought.' " (*Santisas, supra,* 17 Cal.4th at p. 603.)

fees. In its analysis of that issue, the court considered Civil Code section 1717 (section 1717). Section 1717 provides for mutuality of remedy when claims for attorney's fees are based on contract provisions for such fees, and also provides that contractual attorney's fees will be an element of costs and awarded in a reasonable amount. (*Santisas, supra,* 17 Cal.4th at pp. 610-611.) According to the express terms of section 1717, there is no prevailing party to recover fees under that statute when a case is voluntarily dismissed or dismissed pursuant to settlement of the case, and this statutory provision has been construed to override terms of a contract that conflict with it, such as contract terms that allow attorney's fees in the event of a voluntary dismissal. (*Santisas, supra,* 17 Cal.4th at p. 617.) However, section 1717 only applies to such dismissals of *contract* causes of action. When a lawsuit asserts both contract and noncontract claims, or only noncontract claims, section 1717's provisions do not govern the noncontract claims because they are outside the scope of section 1717. (*Santisas,* at pp. 615, 617, 619.)[3]

■ The *Santisas* court also considered certain "cost statutes"—Code of Civil Procedure sections 1032 and 1033.5 (section 1032 & section 1033.5). Like section 1717, section 1032 addresses the matter of prevailing parties. Section 1032 states that except as otherwise expressly provided by a statute, the prevailing party in an action or proceeding is entitled to recover its costs as a matter of right.[4] Under subdivision (a)(10) of section 1033.5, costs allowed under section 1032 include attorney's fees if they are authorized by contract, statute or law. While section 1032 defines a prevailing party as including "a defendant in whose favor a dismissal is entered," *Santisas* held that an award, to such a defendant, of a specific type of costs—attorney's fees—is not *automatic* when there is a voluntary pretrial dismissal of that defendant. (*Santisas, supra,* 17 Cal.4th at p. 621.) Rather, the trial court

---

[3]The *Santisas* court observed that in some cases, attorney's fees may have been incurred to litigate issues that are common to both contract and noncontract claims. (*Santisas, supra,* 17 Cal.4th at p. 623, fn. 10.) The court cited to *Reynolds Metals Co.* v. *Alperson* (1979) 25 Cal.3d 124, 129-130 [158 Cal.Rptr. 1, 599 P.2d 83], wherein the Supreme Court stated that a joinder of causes of action to which section 1717 would apply, with a cause of action to which it would not apply (e.g., because the latter count was a noncontract cause of action or was based on a contract that did not have an attorney's fees provision), "should not dilute [the] right to attorney's fees. Attorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed. All expenses incurred with respect to [such common issues] qualify for award."

[4]Section 1032, subdivision (a)(4) defines "prevailing party" as "includ[ing] the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant. When any party recovers other than monetary relief and in situations other than as specified, the 'prevailing party' shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed may apportion costs between the parties on the same or adverse sides pursuant to rules adopted under [Code of Civil Procedure] Section 1034."

should determine which party, if any, is the prevailing party for purposes of attorney's fees claimed as costs under sections 1032 and 1033.5. (*Santisas*, at p. 622.) The court noted that the contract itself may define who is the prevailing party. Or the contract may expressly authorize or bar recovery of attorney's fees when the case is dismissed.[5] (*Ibid*.) Barring such contractual provisions, *Santisas* held that "a court may base its attorney fees decision on a pragmatic definition of the extent to which each party has realized its litigation objectives, whether by judgment, *settlement*, or otherwise. (See *Hsu* v. *Abbara* [(1995)] 9 Cal.4th 863, 877 [39 Cal.Rptr.2d 824, 891 P.2d 804].)"[6] (*Santisas*, at p. 622, italics added.) The *Santisas* court stated that "it seems inaccurate to characterize the defendant as the 'prevailing party' if the plaintiff dismissed the action only after obtaining, by means of *settlement* or otherwise, all or most of the requested relief, or if the plaintiff dismissed for reasons, such as the defendant's insolvency, that have nothing to do with the probability of success on the merits." (*Id*. at p. 621, italics added.) Regarding this matter of a plaintiff's probability of success on the merits of its case had there been no pretrial voluntary dismissal, the *Santisas* court stated that "scarce judicial resources should not be used to try the merits of voluntarily dismissed actions merely to determine which party would or should have prevailed had the action not been dismissed." (*Ibid*.)[7]

---

[5]Here, the parties do not contend that their contract defines "prevailing party" or addresses the matter of attorney's fees in cases of a voluntary pretrial dismissal of an action.

[6]In *Hsu* v. *Abbara*, *supra*, 9 Cal.4th 863, 877, the court stated: "[I]n determining litigation success, courts should respect substance rather than form, and to this extent should be guided by 'equitable considerations.' For example, a party who is denied direct relief on a claim may nonetheless be found to be a prevailing party if it is clear that the party has otherwise achieved its main litigation objective. [Citations.]" (Italics omitted.)

[7]Although the Supreme Court indicated trial courts should avoid determining which party should or would have prevailed had a case proceeded against a defendant who was voluntarily dismissed prior to trial, we do express our opinion, albeit in dicta, that while the statute of limitations provision in the instant parties' contract could validly limit the plaintiffs to a one-year period for filing suit on all causes of action they might have against Boatwright, public policy considerations call into question the enforceability of the portion of that provision, which impliedly requires plaintiffs to waive the benefit of the so-called delayed discovery rule. We have reference to the contractual provision that requires the one-year period of limitation to begin "after the date of the subject inspection" by Boatwright, rather than *after plaintiffs discovered or reasonably should have discovered facts that would support any cause of action against defendant*. Witkin describes the delayed discovery rule as "the frequent statutory provision or judicially developed rule postponing the accrual of certain causes of action until the time of discovery of (or opportunity to discover) the facts." (3 Witkin, Cal. Procedure. (4th ed. 1996) Actions, § 463, p. 583.)

It is true that California courts will enforce a contractual provision that shortens a statutory limitation period, providing the contractual provision is reasonable. (*Hambrecht & Quist Venture Partners v. American Medical Internat., Inc.* (1995) 38 Cal.App.4th 1532, 1548 [46 Cal.Rptr.2d 33].) Here, the subject provision was clearly stated in the parties' contract and not buried in fine print. Moreover, it even informed the plaintiffs (who happen to be attorneys), that it required them to bring a suit within a shorter time period of time than otherwise

In summary, under *Santisas*, when a trial court is presented with a contractual claim for attorney's fees by a defendant who has been voluntarily dismissed from a suit prior to trial, the court must deny such fees as are limited to the parties' *contract* claims. Regarding the *noncontract* claims, the court must look to the parties' contractual attorney's fees provision to determine if it defines who is a prevailing party or addresses voluntary pretrial dismissals. If the contract does not provide such guidance, the court must utilize its discretion in determining whether such defendant should be considered a prevailing party for the purpose of recovering attorney's fees as costs under sections 1032 and 1033.5. In exercising that discretion, the court may consider the reason for the dismissal, including whether the parties have reached their litigation objectives by settlement, judgment, or other means.

We construe the Supreme Court's reference to parties who attain their litigation objective by *settlement* (*Santisas*, *supra*, 17 Cal.4th at pp. 621 & 622) as including a plaintiff who obtains a settlement from a party *other than* a defendant who has been voluntarily dismissed prior to trial and who is asserting entitlement to contractual attorney's fees under sections 1032 and 1033.5. In the instant case, the trial court determined that viewing plaintiffs' case as a whole, plaintiffs are the prevailing parties for purposes of Boatwright's motion for attorney's fees because they recovered, or were in the process of recovering, "significant relief." We do not find that the court abused its discretion in making this determination.

Indeed, one could say that plaintiffs and Boatwright all attained their litigation objectives. Plaintiffs received significant damages from the various settlements, and Boatwright received a judgment in its favor. Boatwright received the favorable judgment because of the dismissal, not because it was determined to have no liability to plaintiffs. Plaintiffs had no reason to pursue Boatwright to trial for a judgment since their settlements with the other defendants would have operated as setoffs for any recovery from Boatwright. "Code of Civil Procedure section 877 'requires that a judgment be reduced by amounts paid by settling joint tortfeasors.' [Citations.]" (*Syverson v. Heitmann* (1985) 171 Cal.App.3d 106, 110 [214 Cal.Rptr. 581], italics omitted.) Had they not dismissed Boatwright, plaintiffs would have been expending resources in the hope of recovering at best $1,500 from

provided by law. Thus, it was reasonable in these respects. However, it is arguable that the provision is unreasonable in that it assumes a person who retains Boatwright's home inspection services will necessarily know within one year that the inspector failed to observe, or failed to report, material information about the state of the inspected property. Ordinarily, "[t]he time for commencement of a legal action for breach of duty arising from a home inspection report shall not exceed four years from the date of the inspection." (Bus. & Prof. Code, § 7199.) Four years is a reasonable period. Were the issue squarely before us, we could not say as a matter of law that a one-year *discovery* period is reasonable.

Boatwright. Contrary to Boatwright's view, a consideration of plaintiffs' settlements with the other parties is not an "attempt[] to bind [Boatwright] somehow to settlement agreements of which it was not a part." Rather, it is the application of the *Santisas* directive that when the contractual attorney's fees provision does not define who is a prevailing party and does not specifically require or prohibit recovery of attorney's fees when a defendant is voluntarily dismissed prior to trial, courts should be pragmatic about their attorney's fees decisions by examining the extent to which the parties realized their litigation objectives. (*Santisas, supra,* 17 Cal.4th at p. 622.)[8]

## DISPOSITION

The order from which Boatwright has appealed is affirmed. Costs on appeal to plaintiffs.

Kitching, J., and Aldrich, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 19, 2002. Kennard, J., did not participate therein. Baxter, J., and Brown, J., were of the opinion that the petition should be granted.

---

[8]In their attempt to convince this court that their client is the prevailing party and is entitled to attorney's fees, Boatwright's attorneys quote, in their opening brief, certain portions of the *Santisas* opinion. However, they neglect to include several relevant portions of that opinion. These omissions convey a false impression of the Supreme Court's analysis.