Filed 4/22/13  6126, LLC v. DNAM Apparel Industries CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| 6126, LLC,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>DNAM APPAREL INDUSTRIES, LLC,<br><br>　　　　Defendant and Appellant. | B239780<br><br>(Los Angeles County<br>Super. Ct. No. BC459842) |

　　　　APPEAL from an order of the Superior Court of Los Angeles County, Ralph W. Dau, Judge.  Reversed and remanded with directions.

　　　　Law Offices of Michael J. Perry, Michael J. Perry and Adam S. Rossman for Defendant and Appellant.

　　　　Law Offices of Perry C. Wander and Perry C. Wander for Plaintiff and Respondent.

_____

DNAM Apparel Industries, LLC, appeals from an order denying its motion for attorney fees. It argues the trial court erroneously ruled that Civil Code section 1717 barred the motion. We agree and reverse.

**FACTUAL AND PROCEDURAL SUMMARY**

Respondent 6126, LLC, owns the trademark to a clothing line created by actress Lindsay Lohan. In 2009, respondent gave appellant an exclusive license for the manufacture, marketing, and distribution of trademarked apparel. Section 17.16 of the license agreement provides broadly: "In any dispute arising out of this Agreement, the prevailing party as determined by the Court shall be entitled to its reasonable attorneys' fees and costs." Under section 17.8 of the contract, the parties agree to submit any dispute to mediation before filing a lawsuit; if a party files a lawsuit without making a good faith attempt to mediate, it waives the right to attorney fees and costs.

In April 2011, respondent sued appellant and its managing member, Henry Levy, for breach of the license agreement, fraud and negligent misrepresentation. Appellant and Levy demurred on the grounds that Levy was not a party to the contract, and that the claims for fraud and misrepresentation were not sufficiently alleged. Instead of opposing the demurrer, respondent filed a first amended complaint, asserting the same three causes of action and alleging an agency relationship between appellant and Levy. Another demurrer followed. Respondent filed a second amended complaint, which included a request for an accounting and alleged an alter ego relationship between appellant and Levy. It was followed by a third demurrer, which the court sustained with leave to amend. In the meantime, the parties engaged in initial discovery, some of which concerned respondent's alter ego theory as to Levy's liability on the breach of contract claim.

The third and final amended complaint, filed in November 2011, asserted claims for breach of contract and fraud, and requested an accounting. Appellant and Levy demurred to the fraud cause of action. Meanwhile, respondent presented to the court a

2

notice of voluntary dismissal of the case without prejudice, which was entered in December 2011.

Appellant moved for attorney fees under Code of Civil Procedure sections 1021 and 1033.5, and Civil Code section 1717. In opposition, respondent represented that it had dismissed the case in order to submit the dispute to mediation pursuant to the mediation clause in the licensing agreement. Respondent argued there was no prevailing party under the circumstances, and in the alternative, that the court should apportion the fees. Appellant replied that respondent's mistake in not submitting the case to mediation before filing the lawsuit had cost $21,000 in attorney fees, and it requested an award in that amount, without apportionment, because many issues were common to both the breach of contract and fraud claims. The trial court denied appellant's motion on the ground that it was barred by Civil Code section 1717 because all causes of action were based on the contract.

This timely appeal followed.


## DISCUSSION

Application of statutory and case authority to awards of attorney fees presents a question of law, which we review de novo. (*Silver v. Boatwright Home Inspection, Inc.* (2002) 97 Cal.App.4th 443, 448–449.)

Code of Civil Procedure section 1032 generally provides that a prevailing party, including "a defendant in whose favor a dismissal is entered," is entitled to recover its costs "as a matter of right" in any action or proceeding. (*Id*., § 1032, subd. (a)(4) & (b).) Attorney fees are recoverable as costs under section 1032 when authorized by either contract, statute, or law. (*Id*., § 1033.5, subd. (a)(10).) Civil Code section 1717 specifically allows an award of attorney fees to the prevailing party "[i]n any action on a contract," where the contract provides for attorney fees and costs. (*Id*., subd. (a).) But when a case is voluntarily dismissed, "there shall be no prevailing party for purposes of this section." (*Id*., subd. (b).)

3

In *Santisas v. Goodin* (1998) 17 Cal.4th 599 (*Santisas*), the court resolved the conflict between the general cost statutes and Civil Code section 1717 by holding that when a case is voluntarily dismissed, section 1717 bars an award of attorney fees for defending contract claims, but not other claims. (*Id*. at p. 602.) The court explained that "[t]his bar . . . applies *only* to causes of action that are based on the contract and are therefore within the scope of section 1717. If the voluntarily dismissed action also asserts causes of action that do not sound in contract, those causes of action are not covered by section 1717. . . ." (*Id*. at p. 617.) Rather, the attorney fee provision in the parties' agreement, if phrased broadly enough, "may afford the defendant a contractual right, not affected by section 1717, to recover attorney fees incurred in litigating those causes of action" under the general costs statutes, Code of Civil Procedure sections 1032 and 1033.5. (*Ibid*.)

Here, the trial court incorrectly ruled that Civil Code section 1717 barred recovery of attorney fees since all causes of action were "based on the contract." The complaint, in all its permutations, always included a fraud claim in addition to the breach of contract claim. An action for fraud "'sounds in tort, and is not "on a contract" for purposes of an attorney fee award, even though the underlying transaction in which the fraud occurred involved a contract containing an attorney fee clause.'" (*Loube v. Loube* (1998) 64 Cal.App.4th 421, 430.) Section 1717 does not bar recovery of attorney fees incurred in defending against claims sounding in tort. (*Santisas*, *supra*, 17 Cal.4th at p. 617.)

As to noncontract claims, under *Santisas*, "the court must look to the parties' contractual attorney's fees provision to determine if it defines who is a prevailing party or addresses voluntary pretrial dismissals. If the contract does not provide such guidance, the court must utilize its discretion in determining whether [the] defendant should be considered a prevailing party for the purpose of recovering attorney's fees as costs under [Code of Civil Procedure] sections 1032 and 1033.5. In exercising that discretion, the court may consider the reason for the dismissal, including whether the parties have reached their litigation objectives by settlement, judgment, or other means." (*Silver v. Boatwright Home Inspection, Inc.*, *supra*, 97 Cal.App.4th at p. 452.)

4

The *Santisas* court stated that "it seems inaccurate to characterize the defendant as the 'prevailing party' if the plaintiff dismissed the action only after obtaining, by means of settlement or otherwise, all or most of the requested relief, or if the plaintiff dismissed for reasons, such as the defendant's insolvency, that have nothing to do with the probability of success on the merits." (*Santisas*, *supra*, 17 Cal.4th at p. 621.)  It also stated that "scarce judicial resources should not be used to try the merits of voluntarily dismissed actions merely to determine which party would or should have prevailed had the action not been dismissed."  (*Ibid.*)

On remand, the court should exercise its discretion to determine, in the first instance, whether appellant is the prevailing party under the pragmatic approach adopted in *Santisas*.

Whether attorney fees were incurred on issues common to both contract and non-contract claims is relevant to fee apportionment rather than to the initial determination of whether appellant is the prevailing party.  (See *Santisas*, *supra*, 17 Cal.4th at p. 623, fn. 10.)  "Attorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed."  (*Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 129–130.)  Only if the court concludes that appellant is the prevailing party under *Santisas* should it consider whether appellant incurred attorney fees in its defense on any issue common to both the contract and non-contract claims.  Additionally, the court should consider the extent, if any, to which appellant seeks to recover attorney fees incurred solely for the defense of Levy, who was not a party to the motion for attorney fees and who signed the parties' agreement only on appellant's behalf.  (See *Topanga and Victory Partners v. Toghia* (2002) 103 Cal.App.4th 775, 786 [only party to agreement may be prevailing party under *Santisas*].)

5

**DISPOSITION**

The order is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.  Appellant is entitled to its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EPSTEIN, P. J.

We concur:


WILLHITE, J.


SUZUKAWA, J.

6