Filed 1/8/14  Zacadia Financial Limited v. Fiduciary Trust Internat. of Cal. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ZACADIA FINANCIAL LIMITED PARTNERSHIP, | |
| Plaintiff and Respondent, | G047921 |
| v. | (Super. Ct. Nos. BC 396443 consol. with BC 396473) |
| FIDUCIARY TRUST INTERNATIONAL OF CALIFORNIA, as Trustee, etc., | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Los Angeles County, Victor E. Chavez, Judge.  Affirmed.

Farmer & Ridley and Richard D. Cleary; Winston & Strawn, Rolf S. Woolner, Justin E. Rawlins, Jenna W. Logoluso and Linda T. Coberly, *pro hac vice*, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

This case is a companion to another we decide today, the $2.5-million tail on a $353-million dog.[1] Appellant Fiduciary Trust International of California (Fiduciary Trust) is the the successor trustee of the Mark Hughes Family Trust, whose trustees prevailed over respondent Zacadia Financial Limited Partnership (Zacadia) in a three-week jury trial concerning the breach of a secured loan agreement. The agreement included a one-way attorney fee clause, entitling Zacadia to its "actual attorneys' fees" if it prevailed in any collection proceeding involving the secured loan. Invoking Civil Code section 1717, the trustees moved the trial court for their "actual attorneys' fees," which they pegged at somewhat north of $3.1 million.

The trial court awarded the trustees "reasonable fees" of $2.5 million instead. The successor trustee, Fiduciary Trust, has appealed from this order, asserting that it is entitled to the full amount, as Zacadia would have been if it had prevailed at trial.

We affirm the order, which adhered to the unambiguous language of the statute. Fiduciary Trust is entitled only to reasonable fees, and it has not argued that the trial court abused its discretion in awarding the amount it did.

## FACTS

A full description of the elaborate, tax-driven financial dealings between Fiduciary Trust's predecessors and Zacadia may be found in our companion opinion. For purposes of this appeal, it suffices to say that Zacadia became the ostensible lender to the Mark Hughes Family Trust, in a scheme to reduce taxes on the massive estate of the late Herbalife entrepreneur, Mark Hughes. Zacadia alleged that the trustees breached the loan

---

[1] *Zacadia Financial Limited Partnership v. Fiduciary Trust International of California etc.* (Jan. 8, 2014, G047613) [nonpub. opn.].

2

agreement and sought $353 million in damages; a three-week jury trial resulted in a defense verdict.

The loan agreement included the following attorney fee provision:

"If this Note is not paid when due, whether at maturity or by acceleration, the undersigned [i.e., the trustees of the Mark Hughes Family Trust] promises to pay all costs of collection, including without limitation, actual attorneys' fees, and all expenses in connection with the protection or realization of the collateral securing this Note or the enforcement of any guaranty hereof incurred by the holder hereof on account of such collection, whether or not suit is filed hereon or thereon; such costs and expenses shall include, without limitation, all costs, expenses and attorneys' fees actually incurred by the holder hereof in connection with any insolvency, bankruptcy, arrangement or other similar proceedings involving the undersigned, or involving any endorser or guarantor hereof, which in any way affects the exercise by the holder hereof of its rights and remedies under this Note or under any mortgage, deed of trust, security agreement, guaranty or other agreement securing or pertaining to this Note. As used herein, 'actual attorneys' fees' or 'attorneys' fees actually incurred' means the full and actual cost of any legal services actually performed in connection with the matter for which such fees are sought calculated on the basis of the usual fees charged by the attorneys performing such services, and shall not be limited to 'reasonable attorneys' fees' as that term may be defined in statutory or decisional authority."[2]

Having prevailed at trial, the trustees put in for their attorney fees under Civil Code 1717.[3] They presented evidence of $3,131,429 in fees. The trial court

---

[2]     The related security agreement also contained a one-way attorney fees provision for "the amount of any and all expenses, including the fees and expenses of [Zacadia's] counsel . . . ."

[3]     Civil Code section 1717, subdivision (a), provides: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

3

awarded them $2.5 million, and Fiduciary Trust has appealed, claiming the court should have awarded the entire amount.

## DISCUSSION

This appeal turns on the interpretation of Civil Code section 1717, a pure question of law subject to de novo review. (*Silver v. Boatwright Home Inspection, Inc.* (2002) 97 Cal.App.4th 443, 448.) "[T]he objective of statutory interpretation is to ascertain and effectuate legislative intent." (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562.) To discover that intent we first look to the words of the statute, giving them their usual and ordinary meaning. (*Granberry v. Islay Investments* (1995) 9 Cal.4th 738, 744; *DaFonte v. Up-Right, Inc.* (1992) 2 Cal.4th 593, 601.) "Where the words of the statute are clear, we may not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history." (*Burden v. Snowden, supra*, 2 Cal.4th at p. 562.)

Civil Code section 1717 was enacted to ensure mutuality in contractual attorney fee provisions. "As long as an action 'involves' a contract, and one of the parties would be entitled to recover attorney fees under the contract if that party prevails in its lawsuit, the other party should also be entitled to attorney fees if it prevails . . . ." (*North Associates v. Bell* (1986) 184 Cal.App.3d 860, 865.)

In this case, Fiduciary Trust argues for the intent of the statute over the plain and unambiguous statutory language. The statute clearly states that any fees awarded pursuant to its terms must be "reasonable" fees. (Civ. Code, § 1717, subd. (a).) The trustee maintains, however, that the Legislature intended to create a reciprocal right

---

"Where a contract provides for attorney's fees, as set forth above, that provision shall be construed as applying to the entire contract, unless each party was represented by counsel in the negotiation and execution of the contract, and the fact of that representation is specified in the contract.
"Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit.
"Attorney's fees provided for by this section shall not be subject to waiver by the parties to any contract which is entered into after the effective date of this section. Any provision in any such contract which provides for a waiver of attorney's fees is void."

4

to attorney fees when a contract provided that only one party was entitled to fees. (See *Reveles v. Toyota by the Bay* (1997) 57 Cal.App.4th 1139, 1152 (overruled on other grounds, *Gavaldon v. DaimlerChrysler Corp.* (2004) 32 Cal.4th 1246.) Since Zacadia would have been entitled to its "actual" fees if it had prevailed at trial, the trustee argues, Fiduciary Trust should get its actual fees, not reasonable fees, in order to be reciprocal.

The premise of Fiduciary Trust's argument is incorrect. Had Zacadia prevailed, it would not have obtained its attorney fees under Civil Code section 1717. It would have been entitled to its fees as costs under Code of Civil Procedure section 1033.5, subdivision (a)(10)(A). These costs, however, "shall be reasonable in amount." (Code Civ. Proc., § 1033.5, subd. (c)(3).) Zacadia's fees would therefore be subject to the trial court's evaluation for reasonableness.

Civil Code section 1717, the only basis for the trustee's entitlement to fees, restricts that recovery to "reasonable" fees. "If a statute's language is clear, then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs." (*Kizer v. Hanna* (1989) 48 Cal.3d 1, 8.) Under this code section, "[i]t is elementary that attorney fees must be reasonable, and that the party claiming them must establish (1) not only entitlement to such fees but (2) the reasonableness of the fees claimed." (*Civic Western Corp. v. Zila Industries, Inc.* (1977) 66 Cal.App.3d 1, 16.)

In *Santisas v. Goodin* (1998) 17 Cal.4th 599, the California Supreme Court enforced the statutory provisions in the face of contrary contract language. The plaintiffs had voluntarily dismissed their real estate lawsuit, and the defendants moved for their attorney fees pursuant to the real estate purchase agreement. (*Id.* at pp. 603-604.) The court agreed that, as prevailing parties, the defendants had a contractual basis for recovering their attorney fees. When a plaintiff dismisses the action, however, "[Civil Code] section 1717 bars the defendant from recovering attorney fees incurred in defending those causes of action, *even though the contract on its own terms authorizes recovery of those fees.*" (*Id.* at p. 617.) In other words, the provisions of the statute

5

override the contract terms. (See also *Silver v. Boatwright Home Inspection, Inc., supra,* 97 Cal.App.4th at p. 450; *Wong v. Thrifty Corp.* (2002) 97 Cal.App.4th 261, 264 [statute overrides contract definition of prevailing party]; *Exxess Electronixx v. Heger Realty Corp.* (1998) 64 Cal.App.4th 698, 707 [same]; cf. *Peak-Las Positas Partners v. Bollag* (2009) 172 Cal.App.4th 101, 113-114 [court's award of reasonable fees pursuant to "actual fees" provision upheld].)

The loan agreement is expressly governed by the law of the State of California. California law restricts reciprocal recovery of attorney fees in one-way fee agreements to "reasonable" ones. (Civ. Code, § 1717, subd. (a).)[4] The trustee does not contend that the trial court's award was unreasonable, other than that it was not everything asked for. The trial court properly applied the code section to this motion for attorney fees.

## DISPOSITION

The order is affirmed. Respondent is to recover its costs on appeal.


BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


ARONSON, J.

---

[4] It also restricts the recovery of fees as costs under Code of Civil Procedure section 1033.5 to "reasonable" amounts.

6