Filed 4/12/16  McNeil v. Symmetricom, Inc. CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MICHAEL E. MCNEIL et al.,<br><br>     Plaintiffs and Appellants,<br><br>v.<br><br>SYMMETRICOM, INC.,<br><br>     Defendant and Respondent. | H041067<br>(Santa Cruz County<br> Super. Ct. No. CV165643) |

Plaintiffs Michael E. McNeil and Todd S. Glassey challenge the superior court's order awarding defendant Symmetricom, Inc. $124,113 in attorney's fees as the prevailing party on tort causes of action under a contractual attorney's fees clause after plaintiffs voluntarily dismissed their action against defendant.  Plaintiffs contend that the superior court's order must be reversed because the court (1) failed "to give proper reasons" for the award, (2) found defendant to be the prevailing party even though plaintiffs had filed a new action against defendant in federal court, and (3) failed to consider plaintiffs' financial condition.  We reject plaintiffs' contentions and affirm the court's order.

## I. Background

In January 2011, plaintiffs filed a second amended complaint against defendant purporting to allege causes of action for rescission or reformation of a settlement agreement, breach of contract, conversion, and unjust enrichment. The settlement agreement, which was attached to the second amended complaint, contained a broad attorney's fees clause providing that the "prevailing party" in any dispute arising out of the agreement would "be entitled to recover reasonable attorneys' fees and other costs . . . ." Defendant filed an answer in July 2011. In October 2013, plaintiffs voluntarily dismissed their action without prejudice. At the same time, they filed an action in federal court against defendant purporting to allege causes of action for breach of a settlement agreement, unjust enrichment, tortious interference with prospective economic advantage, and declaratory relief.

In December 2013, defendant filed a noticed motion seeking attorney's fees of over $600,000, which it claimed it was entitled to as the prevailing party. Plaintiffs opposed the motion on the grounds that defendant was not the prevailing party and was seeking an unreasonable amount of fees. They asserted that they had dismissed this action and immediately filed an action in federal court making some of the same claims because these claims involved patents and therefore only the federal courts had jurisdiction to resolve these claims. Plaintiffs claimed that defendant's fees motion was "premature." Defendant responded that the tort claims in the dismissed action were not the same as the tort claims in the federal action and therefore it had prevailed on the tort claims in the dismissed action. It also asserted that state tort claims that were not renewed in the federal action were "the bulk of the tort claims."

The court found that defendant was the prevailing party on the tort causes of action in the second amended complaint. It rejected plaintiffs' argument concerning the federal action. "I don't agree that this Federal action would swallow up this State action." The court expressly acknowledged that plaintiffs were asking it to consider their

2

financial condition, but it found that their financial condition was not a proper consideration in setting the amount of the fees award. The court initially tentatively concluded that apportionment of the fees between the tort and contract causes of action was not possible because the tort causes of action were "inexorably intertwined" with the contract causes of action. However, it subsequently decided that defendant's fees could be apportioned and found that 40 percent of defendant's fees were attributable to the tort causes of action. After adjusting some of the claimed hourly rates downward, the court awarded a total of $124,113 in attorney's fees.

The court issued its fees order in April 2014. In May 2014, plaintiffs voluntarily dismissed their federal action against defendant without prejudice. In June 2014, plaintiffs timely filed notices of appeal from the court's order.

## II. Discussion

Civil Code section 1717, subdivision (b)(2) bars recovery of attorney's fees incurred on contract causes of action where there is a voluntary dismissal. However, it does not preclude a defendant from recovering fees under a contractual attorney's fees clause on tort causes of action after a voluntary dismissal, if the court finds that the defendant "realized its litigation objectives" and is therefore the prevailing party. (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 622.) "[T]he court may consider the reason for the dismissal, including whether the parties have reached their litigation objectives by settlement, judgment, or other means." (*Silver v. Boatwright Home Inspection, Inc.* (2002) 97 Cal.App.4th 443, 452.) The prevailing party determination is a discretionary one that we review for abuse of discretion. (*Ibid.*)

Plaintiffs contend that the trial court "abused its discretion by failing to give proper reasons for the fee award." They argue that the court "never engaged in the practical inquiry into whether [defendant's] litigation objections were met or not . . . ." "[W]e cannot reverse an attorney fee award solely for lack of an explanation by the trial

3

court.  We can reverse only if the record contains some indication that the trial court considered improper factors . . . ." (*Save Our Uniquely Rural Community Environment v. County of San Bernardino* (2015) 235 Cal.App.4th 1179, 1189-1190.)  Our record contains no indication that the trial court considered any improper factors.  Defendant prevailed on the tort causes of action because plaintiffs dismissed them.  Like any defendant, defendant's litigation objective was to avoid liability on these causes of action, which it plainly achieved as a result of the dismissal.  The court's failure to make an express statement of its reasons for finding defendant to be the prevailing party provides no basis for reversal of its ruling.

Plaintiffs claim that defendant could not be the prevailing party because "the litigation continues in another forum."  This claim is simply not true.  The only *noncontract* causes of action in this action were those labeled "conversion" and "unjust enrichment."  The only *noncontract* causes of action in the federal action were labeled unjust enrichment, tortious interference with prospective economic advantage, and declaratory relief.  While both lawsuits included a cause of action labeled "unjust enrichment," the allegations supporting the two "unjust enrichment" causes of action were not based on the same underlying facts.  Hence, the federal lawsuit did not "continue[]" either of the tort causes of action alleged in the state lawsuit.  The trial court could reasonably conclude that defendant was the prevailing party because it had defeated both of plaintiffs' noncontract causes of action in this lawsuit.

Finally, plaintiffs assert that the trial court prejudicially erred in failing to consider plaintiffs' financial condition in setting the amount of the fee award.[1]  There is a split of

---

[1]  Plaintiffs also claim that the trial court was required to engage in an on-the-record "balancing of any factors" relevant to its fee award determination and to consider their financial condition in "any calculus of its bargaining power."  None of the cases they cite provide any support for this assertion.  As we have already explained, the court was not

(*Continued*)

4

authority as to whether the losing party's financial condition is a proper equitable consideration in setting the amount of "reasonable" attorney's fees. In *Walker v. Ticor Title Co. of California.* (2012) 204 Cal.App.4th 363 (*Walker*), the First District held that "a losing party's financial condition should not be considered in setting the amount of such an award." (*Walker*, at p. 374.) It disagreed with the Second District's majority opinion in *Garcia v. Santana* (2009) 174 Cal.App.4th 464 (*Garcia*). In *Garcia*, the majority held: "In determining the amount of fees to be awarded to the prevailing party where the statute, as here, requires that the fee be reasonable, the trial court must therefore consider the other circumstances in the case in performing the lodestar analysis. Those other circumstances will include, as appropriate, the financial circumstances of the losing party and the impact of the award on that party." (*Garcia*, at pp. 476-477.) The dissent in *Garcia* asserted that the losing party's financial condition was not a relevant consideration in setting the amount of fees. (*Garcia*, at p. 482, Jackson, J. dissenting.) The trial court considered both *Garcia* and *Walker*, and it concluded that the reasoning in *Walker* was "more persuasive." The court therefore declined "to take into account the plaintiff's [*sic*] financial situation."

We need not resolve the conflict between *Garcia* and *Walker*. Plaintiffs presented no *evidence* of their financial condition to the trial court. Their opposition to defendant's fees motion said nothing about their financial condition. It was only in their subsequent "objections" to defendant's motion that they claimed (without any evidentiary support) that they were "individuals of limited means" and asked the court to award "no more than a nominal amount of fees" to defendant so as "to not force [plaintiffs] into insolvency and, likely, bankruptcy . . . ."

---

required to make a statement of its reasons for the fee award. The amount of a fee award is based on the court's determination of the amount that is "reasonable," not calculated based on the parties' "bargaining power."

5

The trial court's refusal to consider plaintiffs' financial condition could not have been prejudicial to plaintiffs. The court believed that plaintiffs' financial condition was not an appropriate consideration, and it had no evidence of their financial condition before it. Furthermore, it awarded defendant only a small fraction (20 percent) of the amount of fees that it sought.[2] Under these circumstances, we see no likelihood that the court would have awarded defendant even less in fees if only it had considered plaintiffs' unsupported claim regarding their financial condition in exercising its discretion to set a "reasonable" amount of fees.

### III. Disposition

The order is affirmed.

---

[2] Defendant sought $618,411.50. The court awarded it $124,113.00.

_____

Mihara, J.

WE CONCUR:


_____

Bamattre-Manoukian, Acting P. J.


_____

Márquez, J.

7