Filed 6/27/25  Jennings v. Bayside Court Owners Association CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| LAURENCE J. JENNINGS,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>BAYSIDE COURT OWNERS ASSOCIATION INC.,<br><br>     Defendant and Respondent. | A171339<br><br><br>(Alameda County Super. Ct. No. 22CV020739) |

This attorney fees dispute arises from a feud between a homeowners' association, the Bayside Court Owners Association, and Laurence J. Jennings, a member of the association.  After being voluntarily dismissed from litigation Jennings filed to enforce the common interest development's governing documents, the association successfully moved for an award of attorney fees under Civil Code section 5975, subdivision (c).[1]  Representing himself, Jennings appeals from the trial court's fees award, as well as its award of costs of suit, arguing that the association is not the prevailing party.  We conclude that the trial court did not abuse its discretion and affirm.

### BACKGROUND

Jennings owns a unit at Bayside Court—a condominium development in West Oakland—and is a member of its governing

---

[1] Undesignated statutory references are to the Civil Code.

1

board, the association. The development's covenants, conditions and restrictions (the CC&Rs) designate certain common areas for management by the association and give each owner membership and voting rights.

In October 2022, Jennings filed, in propria persona, a "Petition for Declaratory Relief[,] Injunctive Relief, Decree Quieting Title and Cancellation of Deeds" against the association and 25 corporate and individual defendants who are not parties to this appeal. In the complaint, which is 132 pages long and attaches more than 900 pages of exhibits, Jennings primarily alleged that he had been defrauded by defendants other than the association who executed "fraudulent" deeds and conveyed a portion of various association common areas, including his ownership interest in those common areas. Jennings alleged this conduct violated various provisions of the CC&Rs and sought to enforce the applicable provisions and to invalidate certain deeds.

After Jennings litigated the matter for 16 months, obtained monetary settlements from several of the non-association defendants, and was noticed to appear for deposition, he filed a request to voluntarily dismiss the action against the association, representing that he did "not recover[] anything of value by this action." The trial court entered the requested dismissal without prejudice and without Jennings requesting or receiving a waiver of costs.

The association then filed a memorandum of costs—seeking a total of $4,142.26—and a motion for attorney fees. In the latter motion, the association argued it was entitled to a total of $144,000 in attorney fees, pursuant to section 5975, subdivision (c), because it had prevailed in an action seeking to enforce the governing document (CC&Rs) of a common interest development.

Jennings opposed the association's motion, asserting that he was the prevailing party and, alternatively, that there was no prevailing party. In support of his opposition, Jennings claimed

2

he had achieved his litigation goals by pointing out he obtained monetary settlements with defendants *other* than the association. Jennings also produced a Code of Civil Procedure section 998 offer that he declared he had mailed to the association "[i]mmediately after" service of his complaint.

After a hearing, the trial court granted the association's "[m]otion for [a]ttorney's fees and costs" and awarded it a total of $148,142.26.

## DISCUSSION

Jennings insists the trial court erred by awarding the association its attorney fees and costs as the prevailing party.[2] We disagree.

## A.

It is a cardinal rule of appellate review that "a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 . . . .) 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' " (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) "An appellant has the burden to overcome the presumption of correctness and show prejudicial

---

[2] An order granting attorney's fees is an appealable order even if cross-complaints remain to be litigated. (*City of Morgan Hill v. Brown* (1999) 71 Cal.App.4th 1114, 1128 ["there is an exception to the one final judgment rule when there is a final determination of some collateral matter distinct and severable from the general subject of the litigation"]; *California Licensed Foresters Assn. v. State Bd. of Forestry* (1994) 30 Cal.App.4th 562, 565, fn. 1 ["[a]n order awarding attorney fees is collateral to the main action and separately appealable"].)

3

error." (*Silva v. See's Candy Shops, Inc.* (2016) 7 Cal.App.5th 235, 260, disapproved on other grounds by *Donohue v. AMN Services, LLC* (2021) 11 Cal.5th 58, 77.) " 'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' " (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.)

Jennings is not exempt from the rules because he represents himself on appeal. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) However, he fails to provide us with a reporter's transcript, an agreed statement, or a settled statement for the fees and costs hearing. (See Cal. Rules of Court, rule 8.120(b).) "The absence of a record concerning what actually occurred at the hearing precludes a determination that the court abused its discretion." (*Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259.) Accordingly, Jennings has forfeited his abuse of discretion argument on appeal. (*Ibid.*)

Furthermore, Jennings's arguments on appeal are difficult to decipher. Appellate briefs must state each point under a separate heading summarizing the point, followed by reasoned argument and citation to authority. (Cal. Rules of Court, rule 8.204(a)(1)(B); *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 ["[w]hen an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived"].) Many (if not all) of Jennings's arguments in the body of his brief are forfeited because they are unrelated to the point made in the heading and/or are unsupported by authority and reasoned legal argument. (*Benach,* at p. 852; *Provost v. Regents of University of California* (2011) 201 Cal.App.4th 1289, 1294 ["we do not consider all of the loose and disparate arguments that are not clearly set out in a heading and supported by reasoned legal argument"].)

Even if Jennings's arguments on appeal were not forfeited, no abuse of discretion is shown on the record before us.

**B.**

Jennings's challenge to costs other than attorney fees need not detain us long. "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (Code Civ. Proc., § 1032, subd. (b).) The statute explicitly provides that this includes defendants who are voluntarily dismissed, with or without prejudice. (*Id.*, subd. (a)(4) [" '[p]revailing party' includes . . . a defendant in whose favor a dismissal is entered"]; *Cano v. Glover* (2006) 143 Cal.App.4th 326, 331.)

Code of Civil Procedure section 998 establishes a procedure for shifting costs if the prevailing party obtains a judgment less favorable than a settlement offer previously served by the other party. (Code Civ. Proc., § 998, subds. (a)-(d); *Barella v. Exchange Bank* (2000) 84 Cal.App.4th 793, 798.) In that situation, the prevailing party is precluded from recovering its postoffer costs and must pay its opponent's postoffer costs, including expert witness fees. (*Ibid.*)

Jennings maintains the association is not entitled to its costs because he made an offer of settlement pursuant to Code of Civil Procedure section 998. But Jennings forfeits this point because he does not present authority or any reasoned and comprehensible argument to support his position that dismissal without prejudice is a less favorable judgment than what he previously proposed (that the association pay him $1,000). (See *Benach v. County of Los Angeles, supra,* 149 Cal.App.4th at p. 852.) The only authorities cited by Jennings do not involve voluntary dismissals.

Furthermore, there is no evidence in the record to support Jennings's claim that the offer was properly served, as required

5

by Code of Civil Procedure section 998, subdivision (b), or received by the association. (See Code Civ. Proc., § 1013, subd. (b) [methods for establishing date of service]; *Berg v. Darden* (2004) 120 Cal.App.4th 721, 732-734 [if paper bears notation of date and place of mailing, formal proof of service not required], superseded by statute on other grounds as stated in *Finlan v. Chase* (2021) 68 Cal.App.5th 934, 942, fn. 7.) The burden of demonstrating the offer's validity "falls ' "squarely on the offering party." ' " (*Williams v. The Pep Boys Manny Moe & Jack of California* (2018) 27 Cal.App.5th 225, 242.) Jennings fails to establish any error in the trial court's award of post-offer costs to the association.

## C.

Jennings also does not meet his burden to show that the trial court exceeded the bounds of reason in concluding the association was the prevailing party for the purpose of awarding attorney fees.

## 1.

"[T]he prevailing party for the award of costs under [Code of Civil Procedure] section 1032 is not necessarily the prevailing party for the award of attorney fees." (*Chinn v. KMR Property Management* (2008) 166 Cal.App.4th 175, 190, disapproved on other grounds by *DeSaulles v. Community Hospital of Monterey Peninsula* (2016) 62 Cal.4th 1140, 1156.) "[R]ecoverable litigation costs . . . include attorney fees, but only when the party entitled to costs has a legal basis, independent of the cost statutes and grounded in an agreement, statute, or other law, upon which to claim recovery of attorney fees." (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 606.)

The Davis-Stirling Common Interest Development Act (§ 4000 et seq.) "governs an action to enforce the recorded covenants and restrictions of a common interest development."

(*Almanor Lakeside Villas Owners Assn. v. Carson* (2016) 246 Cal.App.4th 761, 773.)  Section 5975, subdivision (c), provides that, in such an action to enforce the governing documents, "the *prevailing party shall* be awarded reasonable attorney's fees and costs." (Italics added.)  The prevailing party is entitled to attorney fees " 'as a matter of right' " and the trial court is " 'obligated to award attorney fees . . . whenever the statutory conditions have been satisfied.' " (*Salehi v. Surfside III Condominium Owners Assn.* (2011) 200 Cal.App.4th 1146, 1152 [construing former § 1354], quoting *Hsu v. Abarra* (1995) 9 Cal.4th 863, 872, italics omitted.)

Section 5975 does not define "prevailing party" and does not explicitly state whether a defendant obtaining a voluntary dismissal is the prevailing party for the purpose of awarding attorney fees.  Nonetheless, after a voluntary dismissal, a trial court retains discretion to determine the prevailing party by determining who prevailed on a practical level by achieving its main litigation objectives. (*Haidet v. Del Mar Woods Homeowners Assn.* (2024) 106 Cal.App.5th 530, 540; *Parrott v. Mooring Townhomes Assn., Inc.* (2003) 112 Cal.App.4th 873, 877 (*Parrott*).)  "This is necessarily a fact-driven inquiry that requires courts to consider the unique circumstances of each case." (*City of Los Angeles Dept. of Airports v. U.S. Specialty Ins. Co.* (2022) 79 Cal.App.5th 1039, 1043.)

We review a trial court's prevailing party determination, made pursuant to section 5975, subdivision (c), for abuse of discretion and are bound by the substantial evidence rule. (*Champir, LLC v. Fairbanks Ranch Assn.* (2021) 66 Cal.App.5th 583, 591-593 (*Champir*).)  "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason.  When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute

7

its decision for that of the trial court." (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478-479.)

**2.**

True, there is no blanket rule that a defendant who receives a voluntary dismissal without prejudice must automatically be deemed the prevailing party under section 5975, subdivision (c). (*Champir, supra*, 66 Cal.App.5th at pp. 590, 594; *Parrott, supra*, 112 Cal.App.4th at p. 877.) "In determining the prevailing party under the Davis-Stirling Act, 'the trial court should "compare the relief awarded on the . . . claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources. The prevailing party determination is to be made . . . by 'a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions.' " ' " (*Champir,* at p. 592, quoting *Hsu v. Abarra, supra*, 9 Cal.4th at p. 876.)

"Since the defendant's goal is to make the plaintiff go away with its tail between its legs, ordinarily the prevailing party will be the defendant. The plaintiff, however, may try to show it actually dismissed because it had substantially achieved its goals through a settlement or other means, because the defendant was insolvent, or for other reasons unrelated to the probability of success on the merits." (*Coltrain v. Shewalter* (1998) 66 Cal.App.4th 94, 107; accord, *Silver v. Boatwright Home Inspection, Inc.* (2002) 97 Cal.App.4th 443, 446, 452; *Galan v. Wolfriver Holding Corp.* (2000) 80 Cal.App.4th 1124, 1129-1130.)

Jennings does not affirmatively demonstrate that the trial court applied the wrong standard or failed to engage in the required comparative analysis. In fact, the trial court explained: "The Court finds *based on the record in this action* that [the association] is the prevailing party. [Jennings] sued [the association] along with about 25 other parties in a sprawling

8

complaint and forced [the association] to defend against the Complaint for about 16 months.  [Jennings] then voluntarily dismissed this action against [the association].  This is [the] type of action and behavior where the application of a mandatory attorney fee statute is particularly apt.  Having been forced to defend this action for *what appears to have been purely tactical reasons*, [the association] is entitled to recover, in addition to costs, its reasonable attorney's fees under § 5975."  (Italics added.)

Jennings argues that the trial court was compelled to find that he was the prevailing party, or that there was no prevailing party, because he obtained monetary relief from *other* defendants and the association failed to obtain any affirmative relief in the litigation.  The latter point is simply irrelevant.  Of course, the association did not obtain any affirmative relief on Jennings's petition; it was a defendant.  The association's cross-complaint has nothing to do with enforcement of the CC&Rs.

Settlement results may be relevant to the comparative analysis (see, e.g., *Coltrain v. Shewalter, supra,* 66 Cal.App.4th at p. 107), but Jennings does not persuade us that he achieved a litigation objective (much less a main objective) by obtaining monetary settlements from defendants other than the association.  In fact, Jennings did not plead a claim for damages.

Here, the trial court could reasonably find, from reviewing his petition, that Jennings's primary litigation objectives were (1) to recover the disputed portion of the common area by cancelling the "fraudulent" deeds; (2) to establish that the association breached the CC&Rs in connection with the transfers of the disputed common areas; and (3) to obtain injunctive and declaratory relief to achieve the return of the portion of the common area.  The association's answer shows it sought to establish that Jennings's claims were meritless, that Jennings

9

was not entitled to any equitable relief, and that Jennings should take nothing.

The trial court could have reasonably concluded there was no evidence before it that any deeds had been cancelled or that Jennings had obtained any equitable relief. On the other hand, the association did achieve its main litigation objective through the voluntary dismissal—Jennings did not take anything by way of his action. Thus, the trial court's prevailing party determination is supported by substantial evidence and well within the bounds of reason. (See *Haidet v. Del Mar Woods Homeowners Assn., supra*, 106 Cal.App.5th at pp. 540-541; *Salehi v. Surfside III Condominium Owners Assn., supra*, 200 Cal.App.4th at p. 1156.)

**3.**

Jennings also argues that the trial court should have found there was no prevailing party because section 1717 provides that "[w]here an action has been voluntarily dismissed . . . , there shall be no prevailing party." (§ 1717, subd. (b)(2).) Section 1717, however, only applies to an "action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded." (§ 1717, subd. (a).) In this case, fees were sought under a fee-shifting statute, not under a contract. Thus, section 1717 "has no application." (*Parrott, supra*, 112 Cal.App.4th at p. 878.)

The trial court did not abuse its discretion.

**DISPOSITION**

The judgment is affirmed. The association is entitled to its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

10

BURNS, J.

WE CONCUR:

JACKSON, P.J.
SIMONS, J.

*Jennings v. Bayside Court Owners Association Inc. (A171339)*

11