[No. B163008. Second Dist., Div. Two. Sept. 23, 2003.]

PETER M. PARROTT et al., Plaintiffs and Appellants, v.
THE MOORING TOWNHOMES ASSOCIATION, INC., Defendant and
Respondent.

## COUNSEL

Peter M. Parrott and Lane P. Parrott, in pro. per., for Plaintiffs and Appellants.

Swedelson & Gottlieb, David C. Swedelson and Melanie J. Bingham for Defendant and Respondent.

## OPINION

**DOI TODD, P. J.**—Peter M. Parrott and Lane P. Parrott appeal the award of attorney fees to respondent The Mooring Townhomes Association, Inc. (the

Association) after appellants voluntarily dismissed their complaint seeking injunctive and declaratory relief against the Association. Appellants contend (1) the trial court was without jurisdiction to award attorney fees after the dismissal of the complaint, and (2) attorney fees are barred by Civil Code section 1717, subdivision (b)(2). We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The Association is comprised of owners of town homes located in a common interest development in Hermosa Beach, California. Appellants are members of the Association by virtue of their ownership of one of the town homes. On April 3, 2002, association members were notified that a vote was to be conducted on April 13, 2002, to consider approval of an assessment of $1,372,500, or $18,300 on each of the 75 owners, to replace all of the exterior siding of the town homes with stucco. Counsel for the Association informed the members that this "special assessment" required a vote of 51 percent of a quorum for approval. Appellants objected, asserting that the vote required a "super-majority" of 75 percent, i.e., 57 members, pursuant to Section 7.01 of the Association's Declaration of Covenants, Conditions and Restrictions (CC&R's), as a "Restoration," or a 66 2/3 percent vote, i.e., 50 members, to change the "exterior appearance" of the town homes, pursuant to section 9.01(d)(3) of the CC&R's. At the meeting, a simple majority of 43 of the members approved the proposal.

On April 17, 2002, appellants filed suit against the Association for injunctive and declaratory relief to invalidate the vote approving the special assessment to replace the siding with stucco. On May 13, 2002, appellants sought a temporary restraining order and preliminary injunction, seeking to enforce the "super-majority" rule. The court granted a preliminary restraining order to maintain the status quo, but on May 31, 2002, denied a preliminary injunction and dissolved the restraining order.

On June 14, 2002, the Association filed an answer to the complaint. On June 18, 2000, appellants filed a request for dismissal of their complaint without prejudice, which was entered by the clerk the same day.

Pursuant to Civil Code section 1354, subdivision (f), the Association then moved to be determined the prevailing party and for recovery of attorney fees incurred in defending the action. The court found the Association to be the prevailing party and awarded it $9,000 in fees. This appeal followed.

## DISCUSSION

### *The Court Had Jurisdiction to Award Attorney Fees to Respondent*

Appellants contend that the trial court "was ousted from subject matter jurisdiction" by their dismissal of the lawsuit under Code of Civil Procedure section 581, subdivision (b). Appellants argue that under *Harris v. Billings* (1993) 16 Cal.App.4th 1396, 1405 [20 Cal.Rptr.2d 718], a trial court is without jurisdiction to take further action after the plaintiff has voluntarily dismissed the lawsuit.[1]

Appellants filed this lawsuit pursuant to Civil Code section 1354, subdivision (a), which provides that an owner of a separate interest in a common interest development may enforce covenants and restrictions as set forth in a recorded declaration which is intended to be an enforceable equitable servitude.

Subdivision (f) of Civil Code section 1354, pursuant to which the Association sought recovery of its fees, provides as follows: "In any action specified in subdivision (a) to enforce the governing documents, the prevailing party shall be awarded reasonable attorney's fees and costs. Upon motion by any party for attorney's fees and costs to be awarded to the prevailing party in these actions, the court, in determining the amount of the award, may consider a party's refusal to participate in alternative dispute resolution prior to the filing of the action."

Relying on *Harris v. Billings, supra,* 16 Cal.App.4th at page 1405, appellants contend that because the statute does not define who is a "prevailing party," the trial court was required to make this "substantive determination" after the lawsuit had been dismissed and the court had lost subject matter jurisdiction. But as the Association points out, appellants rely on an incomplete statement of the rule set forth in *Harris*, which provides in full: "Following entry of a dismissal of an action by a plaintiff under Code of Civil Procedure section 581, a 'trial court is without jurisdiction to act further in the action [citations] *except for the limited purpose of awarding costs and statutory attorney's fees.*'" (*Ibid.*, italics added, quoting *Associated Convalescent Enterprises v. Carl Marks & Co., Inc.* (1973) 33 Cal.App.3d 116, 120 [108 Cal.Rptr. 782].)

---

[1] The Association contends that appellants waived this jurisdictional issue by failing to assert it below. But appellants did raise this issue before the trial court in their pleading entitled "Notice of Objection to Entry of Proposed Judgment Due to the Court's Lack of Subject Matter Jurisdiction." In any event, a court's lack of subject matter jurisdiction is never waived and can be raised for the first time on appeal. (*Ash v. Hertz Corp.* (1997) 53 Cal.App.4th 1107, 1110–1112 [62 Cal.Rptr.2d 192]; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2003) ¶¶ 3:126, 3:128, p. 3-38.)

Appellants argue that *Associated Convalescent Enterprises* "held that a trial court cannot make a substantive, prevailing party determination in a case after a voluntary dismissal of the action has been entered by the clerk." But appellants misstate the holding of the case. The court in *Associated Convalescent Enterprises* held that the defendants, against whom a lawsuit had been voluntarily dismissed by the plaintiff, could not be considered prevailing parties under the then language of Civil Code section 1717 because no final judgment was rendered. (*Associated Convalescent Enterprises v. Carl Marks & Co., Inc., supra*, 33 Cal.App.3d at p. 121.) But the appellate court never stated that the trial court was without authority to make this determination after the dismissal had been filed. To the contrary, the appellate court specifically stated that because the prevailing party had a statutory right to recover fees under section 1717, "such issue required a judicial determination." (*Associated Convalescent Enterprises*, at p. 120.) Nor do any of the other authorities cited by appellants state that a trial court may not make a determination of "prevailing party" status for the purpose of awarding statutory attorney fees after the action has been voluntarily dismissed.

Appellants attempt to distinguish the case of *Heather Farms Homeowners Assn. v. Robinson* (1994) 21 Cal.App.4th 1568 [26 Cal.Rptr.2d 758], but we find this case to be persuasive. In *Heather Farms*, a homeowners' association dismissed its suit without prejudice against an association owner in a dispute to enforce the association's CC&R's after the parties had settled the action. The settlement judge made a finding that there were no prevailing parties with respect to the dismissal. (*Id.* at p. 1571.) Following the dismissal, the homeowner sought recovery of his attorney fees as a "prevailing party" under Civil Code section 1354. The trial court denied the request, agreeing with the settlement judge that there was no prevailing party within the meaning of section 1354. (*Heather Farms*, at p. 1571.) The appellate court affirmed: "[W]e hold that a trial court has the authority to determine the identity of the 'prevailing party' in litigation, within the meaning of Civil Code section 1354, for purposes of awarding attorney fees." (*Id.* at p. 1570.) The court clarified that such an analysis should be made by determining who prevailed on a "practical level." (*Id.* at p. 1574.)

Accordingly, under *Harris* and *Heather Farms*, we conclude that the trial court had jurisdiction to determine who was a prevailing party under section Civil Code section 1354, subdivision (f), for the purposes of awarding attorney fees after appellants' voluntary dismissal.[2]

---

[2] Because appellants do not otherwise challenge the trial court's particular finding that the Association was the prevailing party or the reasonableness of the amount of attorney fees awarded, we do not address those issues here.

*Civil Code Section 1717, subdivision (b)(2)Does Not Apply*

Appellants also contend that the award of attorney fees was barred by Civil Code section 1717, subdivision (b)(2).[3] Under section 1717(b)(2), attorney fees shall be awarded to a prevailing party in an action on a contract that contains an attorney fee provision, except "[w]here an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section." Appellants assert that since they were seeking to enforce voting provisions in the CC&R's, which other cases have determined constitute contracts,[4] and because the CC&R's contain an attorney fee provision (§ 6.24), their voluntary dismissal of the action brings into play the bar of section 1717(b)(2). The Association counters that section 1717(b)(2) has no application where, as here, attorney fees were not sought under a contract, but pursuant to statute (Civ. Code, § 1354, subd. (f)). We agree with respondent.

To support their position, appellants rely primarily on the case of *Santisas v. Goodin* (1998) 17 Cal.4th 599 [71 Cal.Rptr.2d 830, 951 P.2d 399]. But *Santisas* does not advance appellants' cause. In *Santisas*, the plaintiffs, who were buyers of a residence, sued the sellers under a real estate purchase agreement with an attorney fee clause. When the buyers dismissed their action with prejudice before trial, the sellers sought to recover their fees under the agreement. Our Supreme Court held that section 1717(b)(2) barred the recovery of attorney fees on the contract claim. (*Santisas*, at p. 617.) But unlike the situation here, the defendants in *Santisas* were not seeking to recover their attorney fees under an independent statute. Indeed, the *Santisas* court itself specifically noted this distinction, stating, "The seller defendants do not contend that their claim for attorney fees has a legal basis that is both independent of the cost statutes and grounded in a statute or other noncontractual source of law." (*Id.* at pp. 606–607.)

In *Damian v. Tamondong* (1998) 65 Cal.App.4th 1115 [77 Cal.Rptr.2d 262], upon which the Association relies, the court also distinguished *Santisas* from the situation before it, which is far more analogous to the case at hand. In *Damian*, the lender under an automobile sales contract, which contained an attorney fee clause, sued the buyer to collect a deficiency judgment after the vehicle had been repossessed. (*Id.* at p. 1118.) Prior to trial, the lender voluntarily dismissed the action. The buyer then sought to recover its attorney fees pursuant to Civil Code section 2983.4, part of the Rees-Levering Automobile

---

[3] For convenience, we will hereafter refer to Civil Code section 1717, subdivision (b)(2) as section 1717(b)(2).

[4] See, e.g., *MacKinder v. OSCA Development Co.* (1984) 151 Cal.App.3d 728, 738–739 [198 Cal.Rptr. 864]; *Huntington Landmark Adult Community Assn. v. Ross* (1989) 213 Cal.App.3d 1012, 1023–1024 [261 Cal.Rptr. 875].

Sales Finance Act.[5] Like appellants here, the lender opposed the fee request on the ground that section 1717(b)(2) barred the award. The lower court agreed, but the appellate court reversed. The appellate court held that section 1717(b)(2) does not bar a fee award where the prevailing party's right to recover fees arises under a fee-shifting statute. In so holding, the court observed that "numerous California courts have held that section 1717 does not control upon dismissal of an 'action on a contract' where a fee-shifting statute, as opposed to a contract, authorizes an award of attorney fees."[6] (*Damian*, at p. 1124, fn. omitted.) Thus, the court rejected the lender's contention that even though attorney fees were being sought pursuant to statute, the mere existence of an attorney fee provision in the parties' contract brings the case within section 1717.

Appellants criticize *Damian* for not following the proposition in *Exxess Electronixx v. Heger Realty Corp.* (1998) 64 Cal.App.4th 698 [75 Cal.Rptr.2d 376], *Jackson v. Homeowners Assn. Monte Vista Estates-East* (2001) 93 Cal.App.4th 773 [113 Cal.Rptr.2d 363] and *Wong v. Thrifty Corp.* (2002) 97 Cal.App.4th 261 [118 Cal.Rptr.2d 276] that application of section 1717(b)(2) is mandatory in contract cases. But these cases are not applicable because in each case the parties were moving to recover attorney fees pursuant to a contract and not, as here, a fee-shifting statute.

Appellants also argue that applying Civil Code section 1354, subdivision (f), but not section 1717(b)(2), violates the rule that statutes which relate to the same subject matter should be harmonized to give effect to both. We disagree. ■ Section 1717(b)(2) deals only with attorney fee provisions in contracts and limits the "prevailing party" specifically "for purposes of this section." But here, the Association was not seeking to enforce a contractual attorney fee provision. To the contrary, it was seeking recovery of its fees under an independent fee-shifting statute, and a prevailing party would be entitled to its fees under this statute even without a contractual fee provision. (See, e.g., *Heather Farms Homeowners Assn. v. Robinson, supra,* 21 Cal.App.4th at p. 1572.) As the court in *Damian v. Tamondong, supra,* 65

---

[5] Civil Code section 2983.4 provides: "Reasonable attorney's fees and costs shall be awarded to the prevailing party in any action on a contract or purchase order subject to the provisions of this chapter . . . ."

[6] The *Damian* court also cited to Weil & Brown, California Practice Guide: Civil Procedure Before Trial (The Rutter Group 1997) paragraphs 11:39.20 to 11:39.22, pages 11-23 to 11-24 for the proposition that "section 1717(b)(2) does not apply where fees are awardable by statute to the 'prevailing party'; in such cases, the trial court must determine which party prevailed on a practical level." (*Damian v. Tamondong, supra,* 65 Cal.App.4th at p. 1125.) Appellants note that in Wegner et al., California Practice Guide: Civil Trials and Evidence (The Rutter Group 2002) paragraph 17:153.1, page 17-71, the authors state "Statutory provisions authorizing attorney fees to the 'prevailing party' are not subject to the definition of 'prevailing party' in . . . Civ[il Code section] 1717." In their reply brief, appellants ask us to correct this misstatement in a published opinion. We decline to so because we find it to be a correct statement of the law.

Cal.App.4th at page 1124 noted, the Legislature could have made the attorney fee statutes uniform, but chose not do to so.

We conclude that because the Association sought to recover its attorney fees pursuant to a fee-shifting statute, and not pursuant to a contract, section 1717(b)(2) did not bar an attorney fee award.

## DISPOSITION

The order awarding attorney fees is affirmed. Respondent to recover its costs and attorney fees on appeal.

Boren, J., and Nott, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 28, 2004. George, C. J., did not participate therein.