[No. C058396. Third Dist. May 29, 2009.]

COUNTY OF SACRAMENTO, Plaintiff and Appellant, v.
JAMES D. SANDISON et al., Defendants and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

*The opinion is certified for publication with the exception of part I of the Discussion.

## Counsel

Robert A. Ryan, Jr., County Counsel, Lura L. O'Brien and Keith W. Floyd, Deputy County Counsel, for Plaintiff and Appellant.

Millstone, Peterson & Watts and Glenn W. Peterson for Defendants and Respondents.

OPINION

**BLEASE, Acting P. J.**—This is an appeal from an order awarding attorney fees, pursuant to contract, in a contempt proceeding to enforce an injunction to abate a nuisance.[1]

Appellant County of Sacramento contends the trial court erred in awarding the fees because (1) there was no final resolution of its claim warranting the finding that respondents were prevailing parties, and (2) the amount of the award should have been limited, under Government Code section 25845 (hereafter section 25845), to the amount of attorney fees incurred by the county. We disagree.

■ In the published portion of the opinion[2] we conclude that the provision of section 25845, subdivision (c), limiting the amount of the prevailing party's attorney fees to those incurred by the county, upon which the county relies, applies only to attorney fees authorized by a county ordinance. By contrast, subdivision (b) of section 25845 provides that the recovery of attorney fees not predicated upon a county ordinance "shall be in addition to and shall not limit any prevailing party's right to recover costs pursuant to [Code of Civil Procedure] Sections 1032 and 1033.5 . . . ." Subdivision (a)(10) of Code of Civil Procedure section 1033.5 includes as costs attorney fees authorized by contract.

We shall affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2000 the county filed an action against James D. and Julianne Sandison (the Sandisons) as owners of a parcel on Freeman Road in Wilton, alleging that they were maintaining a second dwelling on the property without required conditional use and building permits. In April 2001 the parties entered into a written settlement agreement and a written stipulation for a permanent injunction. The stipulation was approved and entered by the court in January 2002.

---

[1] Five months after the completion of the briefing in this case, the parties, on April 9, 2009, submitted a request for dismissal of the appeal. We decline the request. "Although this development suggested that the case had become moot, and, as a general rule, [an appellate] court will not render an advisory opinion [citation], we instead follow the well-established line of judicial authority recognizing an exception to the mootness doctrine, and permitting the court to decline to dismiss a case rendered moot by stipulation of the parties where the appeal raises issues of continuing public importance." (*Lundquist v. Reusser* (1994) 7 Cal.4th 1193, 1202, fn. 8 [31 Cal.Rptr.2d 776, 875 P.2d 1279].)

[2] The Reporter of Decisions is directed to publish the opinion except for part I of the Discussion.

The stipulated injunction provides that the Sandisons are (1) not to maintain the second dwelling unit without a conditional use permit, (2) not to take any construction actions pertaining to the structure without obtaining appropriate permits and adhering to them, and (3) to remove the structure or apply for, be granted, and adhere to a replacement building permit covering conversion of the barn structure to a second unit "as originally required." The settlement agreement, executed contemporaneously, provides: "If it is necessary to enforce the Permanent Injunction, or otherwise enforce either parties' rights regarding issues raised in this complaint against [the Sandisons], the prevailing party shall be entitled to recover reasonable attorney's fees and costs from non-prevailing party."

Sometime during 2007 the county attempted to enforce the injunction through contempt proceedings. The Sandisons were served with an order to show cause regarding contempt in violating the injunction. The matter came on for hearing on September 21, 2007. The Sandisons contended that they had substantially complied with the injunction by applying for a building permit they believed complied with the building code in effect at the time the barn structure was originally built in 1979. They contended that the county had wrongfully rejected the application because it did not comply with current codes.

After three days of hearing, the trial court found that the county failed to meet the burden of showing willful violation of the injunction. The court said that the language in the injunction concerning the time of the applicable building standards "is vague, ambiguous, and unartful at best."

On October 29, 2007, the Sandisons filed a written motion for an award of $44,089.50 in attorney fees for the contempt proceedings pursuant to Civil Code section 1717.[3] They relied upon the attorney fees provision in the settlement agreement. The county opposed the motion. On December 26, 2007, after oral argument and supplemental briefing, the court, in a written ruling, awarded fees in the amount of $29,674. The county appeals from the order awarding the attorney fees. The Sandisons make no appearance on appeal.

---

[3] Civil Code section 1717, subdivision (a), in pertinent part, is as follows: "(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

## DISCUSSION

### I*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II

The county contends that the trial court erred in making an award in fees "exceed[ing] the amount of reasonable attorneys' fees incurred by the county in the action or proceeding" as provided in section 25845, subdivision (c). The county argues that the limitation in section 25845 supersedes any right of greater recovery under the contract provision in the settlement agreement. The argument is unpersuasive and the contention of error is not meritorious.

The county principally relies upon *Carver v. Chevron U.S.A., Inc.* (2002) 97 Cal.App.4th 132 [118 Cal.Rptr.2d 569].[6] In *Carver* service station franchisees brought an action against Chevron claiming breach of the agreements and the Cartwright Act. They lost and the trial court awarded Chevron more than $6 million in attorney fees, expert fees, and costs for the defense of both contract and Cartwright Act claims. The court of appeal reversed and remanded for reduction of the amount of the award incurred in defense of the Cartwright Act claims. (97 Cal.App.4th at p. 155.) The *Carver* opinion decided that the statutory attorney fees provision is not reciprocal; the award could only be made in favor of the party claiming injury under the Cartwright Act. (97 Cal.App.4th at p. 147.) It also decided that "the Cartwright Act fees provision is the kind of 'other statutory provision' that will override a general litigation costs entitlement under Code of Civil Procedure section 1032, for purposes of assessing attorney fees as costs under Code of Civil Procedure section 1033.5, subdivision (a)(10)."[7] (97 Cal.App.4th at p. 147.) That is to say, the Cartwright Act nonreciprocal fees provision overrode the attorney fees clause in the lease agreements upon which Chevron relied. (97 Cal.App.4th at p. 147.)

---

*See footnote, *ante*, page 646.

[6] The county also points to *Parrott v. Mooring Townhomes Assn., Inc.* (2003) 112 Cal.App.4th 873 [6 Cal.Rptr.3d 116]. However, *Parrott* does not support the county's claim that the statute overrides a right to a contractual fee award. *Parrott* says only that where the fee award is proper under a statutory fee award provision, it cannot be overridden by a limitation that only pertains to contractual fee awards.

[7] Code of Civil Procedure section 1032, subdivision (b) provides: "(b) *Except as otherwise expressly provided by statute*, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (Italics added.)

Code of Civil Procedure section 1033.5, subdivision (a)(10) provides: "(a) The following items are allowable as costs under Section 1032: [¶] . . . [¶] (10) Attorney fees, when authorized by any of the following: [¶] (A) Contract. [¶] (B) Statute. [¶] (C) Law."

The county's implicit argument is that whenever there is an applicable statutory attorney fees provision, a limitation in that provision precludes the parties from contracting for an award without such a limitation. We do not think that *Carver* can or should be extended so broadly. Rather, the question is whether the statutory attorney fees provision expressly, or the policy of the statute implicitly, overrides the freedom to contract for a different outcome.

The county relies upon the last sentence in section 25845, subdivision (c): "In no action, administrative proceeding, or special proceeding shall an award of attorney fees to a prevailing party exceed the amount of reasonable attorneys' fees incurred by the county in the action or proceeding." This sentence certainly applies where the county has, as here, enacted an ordinance under the authorization of section 25845 providing for the recovery of attorney fees in any action or proceeding to abate a nuisance and a recovery is sought under the ordinance. More questionable is whether it should apply to a recovery where there is an ordinance but recovery is sought under some other authority. More problematic still is whether it should apply to a recovery where there is no such ordinance and recovery is sought under some other authority. The optional nature of such an ordinance suggests that the policy concerning limitation of attorney fees awards should pertain only to awards under the authorization of section 25845.

This view finds textual support in section 25845, subdivision (b): "In any action to abate a nuisance, whether by administrative proceedings, judicial proceedings, or summary abatement, the owner of the parcel upon which the nuisance is found to exist shall be liable for all costs of abatement incurred by the county, including, but not limited to, administrative costs, and any and all costs incurred in the physical abatement of the nuisance. Recovery of costs pursuant to this section shall be in addition to and shall not limit any prevailing party's right to recover costs pursuant to Sections 1032 and 1033.5 of the Code of Civil Procedure or any other provision of law."

■ As related, recovery of costs pursuant to Code of Civil Procedure section 1033.5, subdivision (a)(10) (see fn. 7, *ante*, p. 650) includes, inter alia, attorney fees, when authorized by contract. Thus, section 25845, subdivision (b), indicates that a recovery of attorney fees authorized by contract is to be in addition to, not limited by, section 25845.

■ For all the foregoing reasons, we conclude that section 25845 is not, in *Carver*'s words: "the kind of 'other statutory provision' that will override a general litigation costs entitlement under Code of Civil Procedure section 1032, for purposes of assessing attorney fees as costs under Code of Civil Procedure section 1033.5, subdivision (a)(10)." (*Carver v. Chevron U.S.A.,*

*Inc., supra*, 97 Cal.App.4th at p. 147.) The trial court did not err in failing to apply the limitation of section 25845 to the contractual award of attorney fees made in this case.

## DISPOSITION

The judgment (order awarding attorney fees) is affirmed.

Sims, J., and Nicholson, J., concurred.

A petition for a rehearing was denied June 19, 2009.