Filed 10/28/22  Golden West Patio Homes Owners Assn. v. Cortez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| GOLDEN WEST PATIO HOMES OWNERS ASSOCIATION,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ARTEDI B. CORTEZ,<br><br>    Defendant and Appellant. | G060606<br><br>(Super. Ct. No. 30-2019-01067725)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Martha K. Gooding, Judge.  Affirmed.

Artedi B. Cortez, in pro. per., for Defendant and Appellant.

Richardson Ober DeNichilo, Robert M. DeNichilo and Daniel C. Heaton for Plaintiff and Respondent.

In May 2019, Golden West Patio Homes Owners Association (the Association) obtained an order for the temporary, summary removal of Artedi B. Cortez

(Cortez) and his wife from their duplex to allow the Association to fumigate for termites pursuant to Civil Code sections 4780 and 4785.[1] Cortez did not appeal from the removal order. In 2021, after the trial court awarded attorney fees and costs to the Association, Cortez appealed. He contends the trial court erred by (1) issuing the removal order under section 4785 and (2) awarding the Association attorney fees and costs. As we explain in more detail below, Cortez cannot challenge the removal order in this appeal. The May 2019 removal order was an appealable order and Cortez did not timely appeal from that order. We do consider Cortez's challenge to the award for attorney fees and costs but find no error. Thus, we affirm.

FACTS

The Association is a nonprofit corporation responsible for the management, maintenance, and care of the common area of a condominium development in Westminster that is comprised of 18 duplex buildings. Cortez and his wife own and reside in one of the duplex units.

In the spring of 2019, the Association implemented a plan to have a pest control service tent and fumigate the development's buildings for termites. Tenting and fumigation of Cortez's building was scheduled for May 7, 2019. Cortez refused to cooperate with the planned fumigation because he believed there were viable treatment methods that did not require tenting.

On May 6, 2019, the Association filed an ex parte application for a summary removal order under section 4785, seeking to take immediate possession of Cortez's unit and another unit in the development for the limited purpose of conducting the tent fumigation.[2] Cortez personally appeared at the hearing on the application. The

---

[1]  Statutory references are to the Civil Code unless otherwise specified.
[2]  The appellate record does not include the Association's application for the removal order or records concerning the court's consideration of the request. The facts

2

trial court granted the Association's application in an order issued that day (removal order).[3]  The removal order stated the Association could file a motion for attorney fees and costs if it believed it was entitled to recover these expenses from defendants.

Cortez did not appeal from the removal order.

According to the superior court's register of actions, the Association filed a motion for attorney fees in September 2019.  The motion was unopposed and "judgment" for attorney fees and costs was entered in January 2020.  The court later vacated the judgment for attorney fees on Cortez's motion because the Association had not properly served its motion.[4]

In November 2020, the Association refiled its motion, seeking an award of $8,235.00 in attorney fees and $1,253.56 in costs against defendants, jointly and severally.  In its motion, the Association asserted it was entitled to attorney fees under section 5975, subdivision (c), and based on an attorney fee provision in the Association's Declaration of Covenants, Conditions, and Restrictions Establishing a Plan of Condominium Ownership (CC&Rs).  The motion included detailed billing records from the Association's counsel.

Cortez opposed the motion.  He argued the Association was not entitled to attorney fees as a prevailing party under either section 5975 or the CC&Rs because he had not violated any provision of the CC&Rs.  He asserted the fumigation by tenting was unnecessary and the removal order was obtained under "false pretenses."  He also

concerning the removal order are taken from the Association's motion for attorney fees and costs.

[3]  The order applied to Cortez and his wife as the owners/occupants of one unit and to two other individuals as the owners/occupants of a second unit (collectively, defendants).

[4]  The appellate record does not include the Association's 2019 motion for attorney fees, Cortez's motion to vacate the award, or the court's rulings on either.  The facts concerning these events are taken from other documents in the record.

3

asserted the Association's attorneys fabricated and inflated their hours and that redactions in their billing statements rendered the "billings uncertain, ambiguous and unintelligible." Most of his opposition concerned allegations he levied at the Association's president and board members. Cortez filed an addendum to his opposition, but it focused on the election of the Association's board of directors in 2021, not on the Association's attorney fees motion.

On February 1, 2021, the trial court heard argument on the Association's motion. According to the superior court's register of actions, the court took the matter under submission and issued its ruling in a minute order on February 4, 2021.[5] On March 24, 2021, the court entered a "judgment" for attorney fees and costs, awarding the Association $7,020.00 in attorney fees and $1,003.56 in costs, jointly and severally against Cortez and the other defendants. Only Cortez appealed from the judgment for attorney fees and costs.

## DISCUSSION

### I.

### REMOVAL ORDER UNDER SECTION 4785

Cortez contends the trial court erred by granting the Association's application for a removal order under section 4785 in May 2019. But Cortez did not appeal from the May 2019 removal order. He appealed from the 2021 award of attorney fees and costs. This presents a jurisdictional issue we must address. Before we can consider the merits of Cortez's contention, we must determine whether his notice of appeal filed in 2021 permits us to review the merits of the May 2019 removal order. We conclude it does not.

---

[5]  The minute orders for the hearing on February 1 and the court's ruling on February 4 are not included in the appellate record.

4

For the Court of Appeal to have jurisdiction to consider an appeal, a party must timely appeal from an appealable judgment or order. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696; *Doran v. Magan* (1999) 76 Cal.App.4th 1287, 1292 ["The existence of an appealable judgment is a jurisdictional prerequisite to an appeal"].) Prior to oral argument, we requested the parties address whether the May 2019 removal order was an appealable order, and if so, whether we had jurisdiction in *this* appeal to consider Cortez's argument the court erred by issuing the removal order. The parties agree the removal order was an appealable order, as do we. Because the order was appealable and Cortez did not timely appeal from the order, we do not have jurisdiction to consider his challenge to the removal order, as we explain below.

"The right to appeal is wholly statutory. [Citation.]" (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5.) "Code of Civil Procedure section 904.1 is '[t]he principal statute [that] defines the scope of appellate jurisdiction in the Court of Appeal . . . .' [Citation.]" (*Mercury Interactive Corp. v. Klein* (2007) 158 Cal.App.4th 60, 75.) Code of Civil Procedure section 904.1 lists several types of orders or judgments from which an aggrieved party may appeal. Generally speaking, only a final order or judgment is appealable under the statute. (*Mercury*, at p. 75.) Whether an order is final and appealable is determined by "the substance and effect of the adjudication, and not the form." (*Doran v. Magan, supra*, 76 Cal.App.4th at p. 1293.) "If no issues in the action remain for further consideration, the decree is final and appealable. But if further judicial action is required for a final determination of the rights of the parties, the decree is interlocutory. [Citation.]" (*Ibid.*; accord, *Dana Point Safe Harbor Collective v. Superior Court, supra*, 51 Cal.4th at p. 5.)

We turn to Code of Civil Procedure section 904.1 to determine whether the May 2019 removal order was a final appealable order. The removal order directed the Association to take immediate possession of Cortez's property and to remove "all persons, animals and perishable items . . . for the limited purpose of conducting

5

fumigation for wood destroying pests and organisms . . . ." This order is akin to an order granting or denying an injunction, appealable under Code of Civil Procedure section 904.1, subdivision (a)(6).

An injunction, which is defined in Code of Civil Procedure section 525, is "'a writ or order commanding a person either to perform or to refrain from performing a particular act.' [Citation.]" (*Luckett v. Panos* (2008) 161 Cal.App.4th 77, 84.) The court's removal order commanded the Association to perform a particular act— temporarily remove people, animals, and perishable items from Cortez's property for the purpose of the terminate fumigation. By the same token, the order enjoined Cortez from interfering with the scheduled termite fumigation. And the order was final, not interlocutory, as it disposed of the single issue before the court. Thus, the May 2019 removal order was a final injunction, appealable under Code of Civil Procedure section 904.1, subdivision (a)(6). (See *PV Little Italy, LLC v. MetroWork Condominium Assn.* (2012) 210 Cal.App.4th 132, 142-144 [holding order requiring new election of board was appealable as a final injunction under Code Civ. Proc., § 904.1, subd. (a)(6)].)

The 2021 award of attorney fees and costs did not change the nature of the May 2019 removal order and render it interlocutory. It is well-settled that the later addition of attorney fees and costs to a final judgment or order does not substantially modify the original decree. (*Torres v. City of San Diego* (2007) 154 Cal.App.4th 214, 222.) "'When a party wishes to challenge both a final judgment *and* a postjudgment costs/attorney fee order, the normal procedure is to file *two separate appeals*: one from the final judgment, and a second from the postjudgment order.' [Citation.]" (*Ibid.*) Here, in order to challenge both the May 2019 removal order and the 2021 award for attorney fees, Cortez needed to file two separate appeals: one from the May 2019 removal order, and the second from the award for attorney fees. This he did not do.

Cortez filed a single notice of appeal. In it, he stated that he was appealing from the judgment entered on March 24, 2021. This was the judgment for attorney fees

6

and costs. However, the March 24, 2021 judgment did not make any changes to the earlier removal order. It did not repeat, incorporate, or even mention the May 2019 removal order. Our jurisdiction "'is limited in scope to the notice of appeal and the judgment or order appealed from.' [Citation.] We have no jurisdiction over an order not mentioned in the notice of appeal. [Citation.]" (*Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170.) Because Cortez only appealed from the judgment for attorney fees and costs, his appeal is limited to challenging it. He cannot use his appeal from the award for attorney fees and costs to challenge the removal order. Thus, we do not have jurisdiction to consider his challenge to the removal order.

Even if Cortez had specified in his 2021 notice of appeal that he was also appealing the May 2019 removal order, his appeal of the removal order would be untimely. A party has a maximum of 180 days to appeal from an appealable order. (Cal. Rules of Court, rule 8.104(a)(1), (e).) Cortez's notice of appeal was filed nearly two years after the court issued the May 2019 removal order. "An untimely notice of appeal is an 'absolute bar' to appellate jurisdiction. [Citation.]" (*Faunce v. Cate, supra*, 222 Cal.App.4th at p. 170.) Because the May 2019 removal order was an appealable order and Cortez did not timely appeal from that order, we cannot consider his contention the court erred by issuing the order. (*Reyes v. Kruger* (2020) 55 Cal.App.5th 58, 67 ["'"'If a judgment or order is appealable, an aggrieved party *must* file a *timely* appeal or forever *lose* the opportunity to obtain appellate review"'"'].)

Assuming arguendo we have jurisdiction to consider Cortez's claim that the trial court erred by issuing the removal order, Cortez is not entitled to relief because the record he has provided is deficient and prevents us from evaluating his claim of error. In designating the record for his appeal, Cortez did not include the Association's application for the removal order, the court's minutes concerning the hearing on the application, nor a reporter's transcript of the hearing. In fact, the removal order issued by the court is in the appellate record only as an exhibit to the Association's motion for attorney fees.

7

Under established appellate principles, we must affirm the court's order because the record is inadequate for meaningful review.

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented."' [Citation.] '"A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed."' [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' [Citation.]" (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.)

Because Cortez has not given us the documents we need to consider his asserted error by the trial court, we are unable to assess what information the court contemplated in issuing the removal order, and consequently, we cannot determine the court erred. (*Bennett v. McCall* (1993) 19 Cal.App.4th 122, 127.)

In his argument and throughout his brief, Cortez refers to matters outside the appellate record to support his position.[6] Our consideration of an issue on appeal is

---

[6] Rules 8.204(a)(2)(C) and 8.204(a)(1)(C) of the California Rules of Court require Cortez's facts to be limited to matters in the record and that he support his argument with citations to the record.

constrained by the record.  We cannot consider factual assertions unsupported by the record.  (*CIT Group/Equipment Financing, Inc. v. Super DVD, Inc.* (2004) 115 Cal.App.4th 537, 539, fn. 1 ["it is well established that a reviewing court may not give any consideration to alleged facts that are outside of the record on appeal"]; *Mitchell v. City of Indio* (1987) 196 Cal.App.3d 881, 890.)  Thus, we must disregard Cortez's unsupported factual assertions.

We recognize Cortez is a self-represented appellant.  He is nevertheless bound by appellate principles and the rules of appellate procedure because we are required to apply them in his appeal.  (*Scholes v. Lambirth Trucking Co.* (2017) 10 Cal.App.5th 590, 595 [a self-represented appellant ""'is entitled to the same, but no greater consideration than other litigants and attorneys"'"].)

II.

AWARD FOR ATTORNEY FEES AND COSTS

The trial court concluded the Association was entitled to recover its attorney fees and costs based on section 5975 and the CC&Rs.  The court, however, awarded the Association less than it requested.  Cortez contends the court erred by determining the Association was the prevailing party in the action and awarding any attorney fees or costs.  We affirm the court's order.

A.  *Statutory Entitlement to Fees under Section 5975*

"With regard to an award of attorney fees in litigation, California generally follows what is commonly referred to as the 'American Rule,' which provides that each party to a lawsuit must ordinarily pay his or her own attorney fees.  [Citation.]  The American Rule is codified in Code of Civil Procedure section 1021, which states in relevant part:  'Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties . . . .'"  (*Tract 19051 Homeowners Assn. v. Kemp* (2015) 60 Cal.4th 1135, 1142, fn. omitted.)  However, "the Legislature has

9

established a variety of exceptions to the American Rule by enacting numerous statutes that authorize or mandate an award of attorney fees in designated circumstances. [Citation.]" (*Ibid.*)

Section 5975, subdivision (c), one of the legislatively created exceptions to the American Rule, states: "In an action to enforce the governing documents, the prevailing party shall be awarded reasonable attorney's fees and costs." This statute is part of the Davis-Stirling Common Interest Development Act (§ 4000 et seq.) (the Act), which "governs an action to enforce the recorded CC&Rs of a common interest development. [Citation.]" (*Champir, LLC v. Fairbanks Ranch Assn.* (2021) 66 Cal.App.5th 583, 590.)

Although the Association's CC&Rs are not part of the appellate record, there is no dispute they fall within the Act's definition of governing documents. (§ 4150.) Cortez contends the trial court erred by determining the Association was the prevailing party in an action to enforce them.

"The Act does not define 'prevailing party.' However, it is well established that '[t]he analysis of who is a prevailing party under the fee-shifting provisions of the Act focuses on who prevailed "on a practical level" by achieving its main litigation objectives.' [Citations.]" (*Champir, LLC v. Fairbanks Ranch Assn., supra*, 66 Cal.App.5th at p. 590.) We review the trial court's prevailing party determination for an abuse of discretion. (*Id*. at p. 591.) " '" "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court." ' " " [Citation.]" (*Ibid.*)

Here, the trial court did not exceed the bounds of reason in determining the Association was the prevailing party. The Association achieved its main litigation objective when it obtained the order permitting it to take temporary possession of Cortez's unit for the purpose of tenting and fumigating the structure for termites. The

10

Association was required to obtain the order because Cortez's refusal to vacate and cooperate with the planned fumigation prohibited the Association from performing its maintenance duties under the CC&Rs. Thus, the trial court did not abuse its discretion in determining the Association was entitled to attorney fees under section 5975.

Cortez asserts the Association was not entitled to attorney fees or costs unless the court found the action to be frivolous, unreasonable, or without foundation. To support his assertion, he relies on *That v. Alders Maintenance Assn.* (2012) 206 Cal.App.4th 1419. His reliance is misplaced as *That* did not concern an award for attorney fees under section 5975. Instead, the homeowners association in *That* sought attorney fees under former section 1363.09, subdivision (b), after the plaintiff challenged the results of a recall election conducted by the homeowners association. (*That*, at p. 1421.) The statute at issue in *That* stated a homeowners association member who prevailed in a civil action to enforce the member's rights for a violation of Article 2 of the Act, which concerned elections and meetings, was entitled to reasonable attorney fees but "[a] prevailing association [could] not recover any costs, unless the court [found] the action to be frivolous, unreasonable, or without foundation." (Former § 1363.09, subd. (b).)[7]

The language in former section 1363.09, subdivision (b), is substantially different from the language in section 5975, subdivision (c). Section 5975, subdivision (c), does not place the same conditions on an attorney fee award to a prevailing homeowners association.

"Once the trial court determined the Association to be the prevailing party in the action, it had no discretion to deny attorney fees[ ]" under section 5975. (*Rancho Mirage Country Club Homeowners Assn. v. Hazelbaker* (2016) 2 Cal.App.5th 252, 263.)

---

[7] In 2014, former section 1363.09 was renumbered section 4955, without substantive change. (Stats. 2012, ch. 180, § 2.)

Cortez does not challenge the reasonableness of the amount of the attorney fees and costs awarded. Accordingly, we affirm the court's award for attorney fees under section 5975, subdivision (c).

B. *Contractual Entitlement to Fees Under the CC&Rs*

Having concluded the Association was entitled to attorney fees under section 5975, we need not engage in a lengthy discussion as to whether it was also entitled to attorney fees pursuant to the CC&Rs. (See *Parrott v. Mooring Townhomes Assn., Inc.* (2003) 112 Cal.App.4th 873, 879 [prevailing party entitled to fees under "independent fee-shifting statute" even without a contractual fee provision].) Indeed, much of the analysis is the same and leads to the same conclusion—affirmance of the court's order.

In its motion for attorney fees, the Association asserted it was entitled to attorney fees under Article 16, section 18 of the CC&Rs, which states: "Should suit be instituted hereon, hereunder or in connected herewith [*sic*] to enforce any of the terms or provisions hereof, or to obtain any of the remedies provided for herein, the prevailing party shall be entitled to an award of reasonable attorney's fees from any court of competent jurisdiction." The CC&Rs constitute a contract between the Association and unit owners, including Cortez. (See *Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012) 55 Cal.4th 223, 240 [citing cases describing CC&Rs as contracts].)

Section 1717, subdivision (a), indicates attorney fees and costs shall be awarded to a prevailing party in an action on a contract that contains an attorney fees provision. (*Arias v. Katella Townhouse Homeowners Assn., Inc.* (2005) 127 Cal.App.4th 847, 852.) "'In determining whether an action is "on the contract" under section 1717, the proper focus is not on the nature of the remedy, but on the basis of the cause of action.' [Citation.]" (*Eden Township Healthcare Dist. v. Eden Medical Center* (2013) 220 Cal.App.4th 418, 426.) "'An action (or cause of action) is "on a contract" for

12

purposes of section 1717 if (1) the action (or cause of action) "involves" an agreement, in the sense that the action (or cause of action) arises out of, is based upon, or relates to an agreement by seeking to define or interpret its terms or to determine or enforce a party's rights or duties under the agreement, and (2) the agreement contains an attorney fees clause.' [Citation.]" (*Id.* at p. 427.)

Here, the Association's application for a temporary removal order was an action on a contract as it related to the Association's duties under the CC&Rs to maintain the common area of the development. The Association was the prevailing party in the action as it achieved its litigation objective when the court granted the application for the removal order, enabling the Association to proceed with the fumigation of the development's structures. Accordingly, the Association was entitled to recover its attorney fees under the CC&Rs.

## III.

### APPELLATE ATTORNEY FEES

As the prevailing party in this appeal, the Association is also entitled to recover its appellate attorney fees. "'A statute authorizing an attorney fee award at the trial court level includes appellate attorney fees unless the statute specifically provides otherwise.' [Citation.] Neither section 5975, nor any other provision of the . . . Act, precludes recovery of appellate attorney fees by a prevailing party; hence they are recoverable." (*Rancho Mirage Country Club Homeowners Assn. v. Hazelbaker, supra*, 2 Cal.App.5th at p. 265.)

## DISPOSITION

The judgment is affirmed. Respondent is awarded its costs and attorney fees on appeal, the amount of which shall be determined by the trial court.

MOTOIKE, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


MARKS, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.