Filed 4/22/25  Loma Linda Homeowners Association v. Aquino CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| LOMA LINDA HOMEOWNERS ASSOCIATION, | D085390 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CIVDS1922755) |
| JOSE AQUINO, as Trustee, etc., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Bernardino County, Jay H. Robinson, Judge.  Affirmed.

Wagner Zemming Christensen and Marty E. Zemming for Defendant and Appellant.

Larry Rothman & Associates and Larry Rothman for Plaintiff and Respondent.

Jose Aquino is trustee of the 1520 #35 Coulston Trust (Trust), which owns a unit within the Loma Linda Homeowners Association (Association) in San Bernardino.  Aquino appeals from an order denying his request for an award of attorney fees against the Association under the prevailing party fees provision of the Davis-Stirling Common Interest Development Act (Davis-

Stirling Act).  (Civ. Code,[1] § 5975, subd. (c).)  Finding no abuse of discretion, we affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

In July 2019, the Association filed a lawsuit against Aquino as trustee of the Trust.  The complaint alleged that the Trust owned a unit within the Association that was subject to the governing covenants, conditions, and restrictions (CC&Rs).  It further alleged that the Trust was delinquent in payment of nearly $20,000 in monthly association dues, interest, costs, and fees.  The complaint asserted claims for breach of contract, account stated, money had and received, and judicial foreclosure.  The Association was represented by attorney Larry Rothman.

Aquino filed an answer to the complaint and a cross-complaint in his capacity as trustee for the Trust.  In the cross-complaint, Aquino named as cross-defendants the Association and several others, including attorney Rothman.  Aquino alleged that cross-defendants were engaged in a conspiracy to defraud him by making false claims of delinquent assessments and recording unsubstantiated deeds of trust.  The cross-complaint asserted claims for quiet title, slander of title, civil conspiracy, fraud and deceit, breach of the CC&Rs, breach of fiduciary duty, and declaratory relief.

In August 2020, the trial court granted a motion filed by the Association and Rothman to strike Aquino's entire cross-complaint under the anti-SLAPP statute.  (Code Civ. Proc., § 425.16.)  The court awarded attorney fees in the approximate amounts of $18,000 to the Association and $14,000 to

---

[1]     Unless otherwise specified, all further statutory references are to the Civil Code.

2

Rothman. The court then entered judgment in the Association's favor on Aquino's cross-complaint.[2]

On October 30, 2023, the day before a scheduled hearing on Aquino's motion to compel discovery in the Association's continuing action against him, the Association submitted a request for dismissal of its complaint without prejudice. The clerk entered the dismissal as requested the same day.

Aquino then filed a memorandum of costs seeking recovery of about $2,000 in costs. The Association filed a motion to tax the costs, arguing that Aquino was not the prevailing party under Code of Civil Procedure section 1032. In a minute order, the court granted the Association's motion and struck the costs claimed by Aquino on the ground that "he was not the prevailing party."

Aquino also filed a separate motion for attorney fees totaling nearly $100,000 under the prevailing party fees provision of the Davis-Stirling Act. (§ 5975, subd. (c) ["In an action to enforce the governing documents, the prevailing party shall be awarded reasonable attorney's fees and costs."].) Aquino argued that the Association's voluntary dismissal of its entire action against him made him the prevailing party under the Davis-Stirling Act. The Association opposed the fees motion on the ground that it was untimely.

The trial court held a hearing on Aquino's fees motion on March 5, 2024. The hearing was recorded electronically, but the appellate record does not include a transcript or settled statement. The minute order for the

_____

[2]     Though labeled as a "judgment," this was not in fact a final judgment because it did not resolve the pending claims asserted by the Association against Aquino. Under the "one final judgment" rule, a judgment that fails to dispose of all causes of action pending between the parties is not a true final judgment. (*Kurwa v. Kislinger* (2013) 57 Cal.4th 1097, 1100.)

3

hearing states that counsel for the Association appeared by Zoom; counsel for Aquino had scheduled an appearance by Zoom but did not respond when the matter was called; the trial court recited its tentative ruling; the matter was submitted on the tentative without argument; and the court denied the motion for attorney fees.

Aquino now appeals from the order of March 5, 2024 denying his request for an award of fees against the Association.[3]

## DISCUSSION

### I

Aquino argues that the trial court abused its discretion by finding that he was not the prevailing party under the Davis-Stirling Act. According to Aquino, he was the prevailing party because the Association voluntarily dismissed its complaint against him without prejudice.

As a threshold matter, Aquino has failed to provide us with an adequate record because he has not included a reporter's transcript or agreed or settled statement of the March 5, 2024 hearing at which the court made the ruling he is appealing. (See *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295 [appellant has burden "to provide an adequate record to assess error"].) "A proper record includes a reporter's transcript or a settled statement of any hearing leading to the order being challenged on appeal." (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.) We cannot determine whether the

---

[3] We agree with Aquino that an order denying a defense fees motion after the plaintiff's voluntary dismissal of the entire action without prejudice is appealable as a final determination of the parties' rights and hence a final judgment. (See *Gassner v. Stasa* (2018) 30 Cal.App.5th 346, 354 [costs order following voluntary dismissal without prejudice "is the final determination of the parties' rights; hence, it is a judgment and appealable as such under Code of Civil Procedure section 904.1, subdivision (a)(1)"].)

trial court abused its discretion without knowing the basis for its ruling, which it delivered orally at the hearing. "The absence of a record concerning what actually occurred at the hearing precludes a determination that the court abused its discretion. [Citations.] As the party challenging a discretionary ruling, [Aquino] had an affirmative burden to provide an adequate record so that we could assess whether the court abused its discretion." (*Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259.) "Accordingly, [he] has forfeited this argument on appeal." (*Ibid.*)

Several months after the completion of briefing, we requested supplemental letter briefs from the parties on the absence of a reporter's transcript or settled statement. In response, Aquino filed a motion to augment the record to include a transcript of the March 5, 2024 hearing. Attached to the motion was a proposed order directing the superior court to prepare the transcript.

We deny Aquino's belated motion to augment. Aquino did not designate the reporter's transcript in his notice designating the record at the outset of this appeal. On the contrary, he checked the box for proceeding "WITHOUT a record of the oral proceedings." Thus, Aquino made a deliberate decision to proceed without the transcript. Although the Association did designate the transcript in its counter-designation, neither party did anything to cure the omission when the record was filed or brought it to our attention over the months of briefing. Aquino's counsel has provided no reasonable explanation for his failure to designate the transcript or his delay in seeking to have it included in the record. Granting the motion would delay resolution of the appeal and would be unfair to the Association because briefing has already been completed and it has not had an opportunity to address the contents of the missing transcript. We therefore deny the motion

5

to augment as untimely.  (*People v. Preslie* (1977) 70 Cal.App.3d 486, 492.)

"The parties are expected to be diligent in initially preparing an adequate record and in seeking augmentation as soon as an omission in the record is discovered.  Thus, a request for augmentation may be denied where the moving party fails to show surprise, excusable neglect, or good cause for any delay in seeking relief."  (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2025) ¶ 5:132, pp. 5-58–5-59.)

## II

Even if the issue were not forfeited, however, we would still affirm the order denying fees.  We review the trial court's determination of prevailing party status under the Davis-Stirling Act for abuse of discretion.  (*Champir, LLC v. Fairbanks Ranch Assn.* (2021) 66 Cal.App.5th 583, 591.)  While we agree with Aquino that a defendant can be a prevailing party under section 5975, subdivision (c) when the plaintiff voluntarily dismisses an action to enforce the governing documents before judgment (*Parrott v. Mooring Townhomes Assn., Inc.* (2003) 112 Cal.App.4th 873, 878), this does not resolve the issue before us because, as we shall explain, both sides here brought claims for enforcement of the CC&Rs and neither side prevailed on them.

As noted, section 5975, subdivision (c) provides that the "prevailing party" shall recover fees in any "action to enforce the governing documents."  There is no question that the Association's lawsuit against Aquino was one to enforce the governing documents (the CC&Rs).  What the parties overlook, however, is that Aquino also brought his own claims to enforce the governing documents against the Association.  Specifically, Aquino's cross-complaint asserted a damages claim for breach of the CC&Rs and a declaratory relief claim for violation of the CC&Rs.   These were both affirmative claims to

6

enforce the governing documents within the meaning of section 5975, subdivision (c). (See, e.g., *Chee v. Amanda Goldt Property Management* (2006) 143 Cal.App.4th 1360, 1379–1381.) Yet Aquino did not prevail on them—the trial court granted the Association's anti-SLAPP motion to strike Aquino's entire cross-complaint and then entered a judgment against him on it.

Because both sides brought competing claims to enforce the CC&Rs, and neither side prevailed on its own claims, it was within the trial court's discretion to find there was no prevailing party under the Davis-Stirling Act. As the Supreme Court has explained in construing a related prevailing party fees provision for actions on a contract (§ 1717), " '[t]ypically, a determination of no prevailing party results when both parties seek relief but neither prevails.' " (*Hsu v. Abarra* (1995) 9 Cal.4th 863, 875 (*Hsu*).) The court gave as an example a case involving competing cross-actions by neighboring landowners for breach of the CC&Rs. (*Bankes v. Lucas* (1992) 9 Cal.App.4th 365.) The court in *Hsu* described the holding of *Bankes* as follows: "Because ultimately no relief was awarded to any party under the CC&Rs, the Court of Appeal found, as a matter of law, that there was no party prevailing on the contract under section 1717." (*Hsu,* at p. 875.)

Although the Supreme Court in *Hsu* was construing section 1717, we see no reason why its discussion of this point would not apply equally to the prevailing party fees provision of section 5975, subdivision (c). Indeed, California courts have looked to *Hsu* for guidance in making prevailing party determinations under the Davis-Stirling Act. (See, e.g., *Tract 19051 Homeowners Assn. v. Kemp* (2015) 60 Cal.4th 1135, 1146–1148; *Almanor Lakeside Villas Owners Assn. v. Carson* (2016) 246 Cal.App.4th 761, 774– 776.) Because both parties here unsuccessfully sought relief under the

7

CC&Rs, neither was a prevailing party under the Davis-Stirling Act. (*Hsu, supra*, 9 Cal.4th at p. 875.) We therefore conclude that the trial court acted within its discretion in ruling that Aquino was not the prevailing party under section 5975, subdivision (c).

## DISPOSITION

The order of March 5, 2024 is affirmed. The Association is entitled to its costs on appeal.

BUCHANAN, J.

WE CONCUR:

IRION, Acting P. J.

KELETY, J.